ARLINGTON HOTEL COMPANY v. FANT.

Opinion delivered March 12, 1928.

1. APPEAL AND ERROR—DECISION ON FORMER APPEAL.—A decision of this court on former appeal, that the State court had jurisdiction of actions to enforce the liability of innkeepers, accruing in the territory ceded to the United States, and that Crawford & Moses' Dig., § 5567, enacted by the State subsequent to the cession of jurisdiction over such territory, is inapplicable to causes of action * * * arising in such territory, *held* the law of the case on the second appeal.

2. UNITED STATES—STATE LAWS IN FORCE UPON RESERVATION.—The laws of Arkansas in existence when the State ceded the territory constituting the Hot Springs Reservation to the United States remain in effect upon such reservation, in so far as they are not inconsistent with the laws of the United States and have not been abrogated.

3. UNITED STATES—OPERATION OF STATE STATUTE ON RESERVATION.—Crawford & Moses' Dig., § 5567, restricting the liability of innkeepers for the loss of baggage of guests, *held* not operative in territory ceded to the United States as the Hot Springs Reservation, since the statute was enacted after cession of the territory.

Appeal from Garland Circuit Court; *Earl Witt,* Judge; affirmed.

*Martin, Wootton & Martin,* for appellant.

*Cockrill & Armistead* and *Murphy & Wood,* for appellee.

MEHAFFY, J. Three suits were begun in the Garland Circuit Court against the appellant, and were consolidated by order of the court, and tried together. The suits were to recover compensation for loss of baggage

which was destroyed in the fire on April 5, 1923, when the Arlington Hotel was burned.

This is the second appeal in this case. The decision on the former appeal is in 170 Arkansas 440, 280 S. W. 20. When the suits were first brought in the Garland Circuit Court the court sustained a demurrer to the complaints of the plaintiffs, and, when the case was here before, the court said that the demurrers presented a question, first, whether or not the courts of this State have jurisdiction to enforce civil liability which accrued within territory over which exclusive jurisdiction has been ceded by the State to the United States Government; and second, whether or not a statute regulating civil liability, enacted after a cession of jurisdiction, is applicable to causes of action arising within that territory. And on the questions above mentioned, which were passed upon by this court in the former appeal, the decision on the former appeal is the law of the case on second appeal.

The court on the former appeal, after stating the questions raised by the demurrer, said:

"Our conclusion in regard to the first question is that the courts of this State are not deprived, by the State's cession to the General Government of exclusive jurisdiction, of the right to exercise judicial power in the enforcement of rights of action in civil matters which accrue in the ceded territory. We are not dealing with a local action, such as one which concerns the title to real estate, and what we say now must, of course, be confined to the character of action involved in these appeals. These are transitory actions which may be enforced anywhere that jurisdiction can be acquired over the person of the defendant.    *    *    *    The power of the State and General Government over ceded territory has been discussed at length by the decisions of the Supreme Court of the United States in several cases."

The court then cites the cases that have discussed this question. Again the court said: "The next question presented is one which necessarily arises, but which

counsel for appellee disclaims being presented in the present status of the case.''

This second question is whether or not the statute regulating civil liability enacted after the cession of jurisdiction is applicable to causes of action arising within that territory. The court, it will be observed, held that this question necessarily arose, and it was stated: ''We think it is equally clear that the statute was inoperative. The cession of jurisdiction was necessarily one of political power, and it took away the authority of the State Government to legislate over the territory ceded to the General Government.'' *Fant* v. *Arlington Hotel Co.,* 170 Ark. 440, 280 S. W. 20.

Appellants also rely on the case of *Williams* v. *Arlington Hotel Co.,* decided by the United States District Court for the Eastern District of Arkansas. This suit grew out of the same fire, and after appellant's argument in this case was decided by the Court of Appeals, and the Court of Appeals reached the same conclusion that was reached by this court in the case above referred to. The district court, in the case of *Williams* v. *Arlington Hotel Co.,* sustained a demurrer to the petition, and the Court of Appeals said:

''We think the trial court was in error, under the authority of the three so-called Leavenworth Reservation cases'' (citing the cases), and the court then said of the cases relied on: ''The above quotations show clearly that those cases involved portions of the reservation not being then used for military or other governmental purposes. Therefore we think they are directly in point here as to the validity of the cession made by the State of Arkansas. The McGlinn case (114 U. S. 542, 5 S. Ct. 1005, 29 L. ed. 270), is direct authority for the contention made by plaintiff in error, that the laws of the State in existence at the time of the cession continue upon the reservation, where not inconsistent with the laws of the United States or where not abrogated by Congress after the cession.'' *Williams* v. *Arlington Hotel Co.* (C. C. A.), 22F. (2d.) 669.

It therefore seems settled by the above authorities that the laws in existence in the State of Arkansas at the time of the cession are still in effect upon the reservation, as they are not inconsistent with the laws of the United States and have not been abrogated, and that the law of 1913 relied on by appellant is not operative.

Since we hold that the questions of law are settled by these authorities, it becomes unnecessary to decide any other question discussed by counsel.

The judgment of the Garland Circuit Court is therefore affirmed.