## YELLOWSTONE PARK TRANSP. CO. v. GALLATIN COUNTY et al.

Circuit Court of Appeals, Ninth Circuit. March 18, 1929.

Rehearing Denied April 22, 1929.

No. 5573.

T. B. Weir and Harry P. Bennett, both of Helena, Mont., for appellant.

E. F. Bunker, of Bozeman, Mont., for appellees.

Before GILBERT, RUDKIN and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. ▮ The principal question for decision on the present appeal is this: May the taxing officers of the county of Gallatin, in the state of Montana, impose taxes on personal property

owned by a Delaware corporation and having its situs in that portion of the Yellowstone National Park within the territorial limits of that county, in view of the act of the Montana Legislature, approved February 14, 1891 (Laws 1891, p. 262), which ceded to the United States exclusive jurisdiction over and with respect to all lands within the state which were or might be embraced within the Yellowstone National Park, together with such other lands as were then or might thereafter be occupied and held by the United States for military purposes, reserving only concurrent jurisdiction for the execution of process, civil and criminal, lawfully issued by the courts of the state. This question must be answered in the negative. Cessions of exclusive jurisdiction, such as that made by the Legislature of Montana, have been very common in the history of this country, and their effect is well settled. We need only refer to a recent case. In 1903 the Legislature of the state of Arkansas (Acts 1903, p. 52) ceded to the United States exclusive jurisdiction over certain territory surrounding the Hot Springs in that state, reserving only the right to execute civil and criminal process and the right to tax, and in Arlington Hotel Co. v. Fant, 176 Ark. 613, 4 S.W.(2d) 7, it was held that a statute enacted by the state Legislature after the date of cession, restricting the liability of innkeepers, was inoperative within the ceded territory. The judgment of the Supreme Court of the state was affirmed by the Supreme Court of the United States in Arlington Hotel Co. v. Fant, 49 S. Ct. 227, 73 L. Ed. ——, decided February 18, 1929. In other words, after the date of cession, the ceded territory was as much without the jurisdiction of the state making the cession as was any other foreign territory, except in so far as jurisdiction was expressly reserved. For this reason, the taxing laws of the state of Montana are wholly inoperative in that portion of the Yellowstone National Park within the territorial limits of the state.

■ But the appellee contends that the act is unconstitutional, because the subject of the act is not clearly expressed in the title, as required by section 23 of article 5 of the state Constitution. The title of the act is "An act ceding to the United States jurisdiction over certain lands." Such a title satisfies the constitutional requirement.

"The title is not required to be an index to the body of the act or as comprehensive in matters of detail, but if it fairly indicates the general subject, and reasonably covers all the provisions of the act, and is not cal-culated to mislead the General Assembly or the people, it is a sufficient compliance with the constitutional requirement. Unless the act contains matters having no proper connection or relation to the title, or the title itself contains subjects having no proper relation to each other, the constitutional provision is not violated. An act having a single general subject, indicated in the title, may contain any number of provisions, no matter how diverse they may be, so long as they are not inconsistent with or foreign to the general subject, and may be considered in furtherance of such subject by providing for the method and means of carrying out the general object." Public Service Co. v. Rechtenwald, 290 Ill. 314, 125 N. E. 271, 8 A. L. R. 466.

"The generality of a title is therefore no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection." Cooley's Constitutional Limitations (8th Ed.) page 297.

We find nothing to the contrary in the Montana decisions. In State v. Burr, 73 Mont. 586, 238 P. 585, cited by the appellees, the title of the act was misleading, rather than general, and the same is true of the act under consideration in State v. Nelson, 210 Ala. 663, 98 So. 715, cited in the Burr Case.

■ It is also contended that the act violates section 7 of article 12 of the state Constitution, which declares that the power to tax corporations or corporate property shall never be relinquished or suspended. This contention is without merit. If exclusive jurisdiction over that portion of the park in the state of Montana was lawfully ceded to the United States, the cession inured to the benefit of both corporations and individuals, and the power to tax property in the ceded territory, whether corporate or individual, was at an end.

It was suggested that, if a state may make a cession of this kind, it may destroy its sovereignty by ceding exclusive jurisdiction to the United States over its entire territory, with the consent of the latter. Such a contingency is possible, but improbable, and the situation must be met when it arises. Suffice it to say that no such question is here involved. Arlington Hotel Co. v. Fant, supra.

■■ Again, it is contended that there was no acceptance of the cession of exclusive jurisdiction by Congress. It will, of course, be conceded that such an acceptance is necessary; but the acceptance may be implied

from other legislation. Columbia River Packers' Ass'n v. United States (C. C. A.) 29 F.(2d) 91. And such acceptance is necessarily implied from the Act of May 7, 1894, 28 Stat. 73 (16 USCA § 24 et seq.). That act declares that the Yellowstone National Park, as its boundaries were then defined, or as they might be thereafter defined or extended, should be under the sole and exclusive jurisdiction of the United States; that all laws applicable to places under the sole and exclusive jurisdiction of the United States should have force and effect in the park, saving only the right to serve civil or criminal process of any court having jurisdiction in the states of Montana, Idaho, and Wyoming; that the park should constitute a part of the United States judicial district of Wyoming, and that the District and Circuit Courts of the United States for that district should have jurisdiction of all offenses committed in the park; that if an offense committed in the park was not prohibited, or punishment specially provided therefor, by any law of the United States, or by any regulation of the Secretary of the Interior, the offender should be subject to the same punishment as the laws in force in the state of Wyoming at the time of the commission of the offense might provide for a like offense in the state. The act contains other provisions wholly inconsistent with the existence of concurrent jurisdiction in the states out of which the park was created.

The effect of the act is, of course, not impaired by the fact that it was not carried forward into later compilations of the statutes of the state, nor by the fact that counsel for appellant failed to discover it, until a supplemental petition for a rehearing was filed in this court, some two years after the suit was commenced.

The attempt of the Legislature of the state to repeal the act by a general repealing clause attached to another act, long after the acceptance of the cession by the United States, was ineffectual for any purpose.

In view of our conclusion on this branch of the case, it becomes unnecessary to consider other questions discussed by counsel in their briefs and on the oral argument.

The opinion heretofore filed is vacated and recalled, and the decree of the court below is reversed, with directions to enter a decree in favor of the plaintiff in accordance with the prayer of its complaint.

The controlling statute was not called to the attention of the court below, and for that reason the reversal will be without costs.