LADWIG *v.* NANCE.

5-393 267 S. W. 2d .314

Opinion delivered April 26, 1954.

*John L. Sullivan,* for appellant.

*Hobbs & Ridgeway* and *Campbell & Campbell,* for appellee.

MINOR W. MILLWEE, Justice. On August 1, 1953, the members of the Arkansas Board of Massage, appellants herein, filed a petition in Garland Circuit court seeking a declaratory judgment construing Act 180 of the Acts of 1951, the "Massage Registration Act." The petition alleged that appellees are engaged in the practice of massage in various bathhouses in Hot Springs, Arkansas, which are located on property ceded to the United States Government and now leased from said government; and that appellees have failed and refused to register under said Act 180 and to otherwise abide by its provisions.

On August 15, 1953, appellees filed a demurrer to the complaint on the ground, among others, that the court lacked jurisdiction of the persons of appellees and of the subject of the action. On August 26, 1953, part of the original defendants, the presidents and managers of various bathhouses, moved to dismiss on the grounds that none of them are masseurs or employ masseurs and

the motion was granted. On October 6, 1953, the appellees' demurrer was sustained on the ground that the court had no jurisdiction of the persons of appellees or of the subject matter of the action. Upon appellants' refusal to plead further, their complaint was dismissed.

The sole question presented is whether or not the courts of the State of Arkansas have jurisdiction to enforce Act 180, *supra,* as against appellees, who are residents of Arkansas but are employed on property owned by the United States of America and leased from that government by bathhouses in the city of Hot Springs, Arkansas. Ark. Stats. §§ 10-1123 through 10-1126 cede the property involved to the United States with the reservation that this grant of jurisdiction shall not prevent the execution of any process of the state, civil or criminal, on any person who may be on the reservation or premises, and further reserving the right to tax all structures and other property of private ownership in the Hot Springs Reservation. This cession of jurisdiction by the State was duly accepted by Congress and various statutes have been enacted by that body authorizing the Secretary of the Interior to lease and make all needful rules and regulations regarding the operation of bathhouses in the Hot Springs National Park. 16 U. S. C. A., §§ 362-374. By § 369 the Secretary of the Interior is authorized to assess and collect certain fees or charges from masseurs and bath attendants operating on the Reservation.

In *Fant* v. *Arlington Hotel Company,* 170 Ark. 440, 280 S. W. 20, the Arlington Hotel in Hot Springs had burned, and the question was whether an Arkansas statute restricting the liability of hotel keepers, which was enacted subsequent to the cession of jurisdiction to the Federal Government, applied. This court held the statute inapplicable, saying: "We think it is equally clear that the statute was inoperative. The cession of jurisdiction was necessarily one of political power, and it took away the authority of the State Government to legislate over the territory ceded to the general government. This point is expressly decided by the Supreme Court of the

United States in the Lowe case, *supra,* [referring to *Ft. Leavenworth R. Co.* v. *Lowe,* 114 U. S. 525, 29 L. Ed. 264, 5 S. Ct. 995] where the court said: 'These authorities are sufficient to support the proposition, which follows naturally from the language of the Constitution, that no other legislative power than that of Congress can be exercised over lands within a State purchased by the United States with her consent for one of the purposes designated; and that such consent, under the Constitution, operates to exclude all other legislative authority.' " See, also, *Arlington Hotel Company* v. *Fant,* 176 Ark. 613, 4 S. W. 2d 7, affd. 278 U. S. 439, 49 S. Ct. 227, 73 L. Ed. 447; *Young, Administrator* v. *G. L. Tarlton, Contractor, Inc.,* 204 Ark. 283, 162 S. W. 2d 477.

In *Lynch* v. *Hammock,* 204 Ark. 911, 165 S. W. 2d 369, we held that a physician licensed by another state, whose practice in this state was confined to workmen engaged in constructing buildings upon property owned by the United States, is not subject to the laws of Arkansas relating to the practice of medicine and surgery. So here, it appears that Arkansas has relinquished jurisdiction to the United States over the Hot Springs National Park except as reserved in the above mentioned statutes. The regulation of the practice of massage and the conduct of massage establishments does not fall within the reservations specified and the authority to regulate such matters has been conferred upon the Secretary of the Interior by Congress. Since the trial court was without jurisdiction, it was powerless to render judgment against appellees, declaratory or otherwise.

Affirmed.