LADWIG v. THE ARLINGTON HOTEL COMPANY.

5-853                              286 S. W. 2d 853

Opinion delivered February 13, 1956.

Tom Gentry and Roy Finch, Jr., for appellant.

House, Moses & Holmes; Wootton, Land & Matthews and Richard W. Hobbs, for appellee.

MINOR W. MILLWEE, Associate Justice. Appellees are the owners of certain hotels and bathhouses located

outside the boundaries of Hot Springs National Park but within the city of Hot Springs, Arkansas, and are engaged in the business of giving baths in the therapeutic waters of the government-owned hot springs. Appellants are the officers and members of the "Arkansas Board of Massage," created pursuant to Act 180 of 1951, which is known as the "Massage Registration Act."[1]

Appellants brought this suit alleging appellees were employing many persons as masseurs and masseuses who were unqualified to engage in the practice of massaging because of their failure to obtain a certificate of registration in compliance with Act 180, and that such employment was in violation of Section 3 of said act. None of said employees were made defendants to the suit, it being alleged that individual criminal action against them would be so numerous that adequate relief could not be obtained against the irreparable injury which it was further alleged the public would suffer by failure of appellees to comply with the act. Appellants asked that appellees be enjoined from further violation of Sec. 3 (b) of said act.

Appellees demurred to the complaint on the following grounds: 1. The complaint does not state facts sufficient to constitute a cause of action. 2. Plaintiffs have no legal capacity to sue. 3. There is a defect of parties plaintiff. 4. There is a defect of parties defendant. The chancellor sustained the demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action against appellees and overruled it as to other grounds urged. Upon appellants' failure to plead further, the complaint was dismissed. The appellant board members have appealed and part of the appellees have cross-appealed from the action of the court in refusing to sustain the demurrer on the additional grounds of appellants' incapacity to sue and a defect of parties defendant.

---

[1] In *Ladwig* v. *Nance*, 223 Ark. 559, 267 S. W. 2d 314, we held that Act 180 had no application to bathhouses located within the Hot Springs National Park.

The question on direct appeal is whether the complaint stated a cause of action against appellees for violation of Section 3 (b) of Act 180 of 1951 [Ark. Stats., Sec. 72-1203 (b)] which reads:

"It shall be unlawful for any person or persons to *operate* or conduct any Massage Establishment which does not conform to the sanitary regulations herein contained, or which may be adopted by the Board created herein, or to employ any person or persons as an *operator* or instructor who does not hold a certificate of registration, or to open and conduct a Massage Establishment or School in a place of residence in the State of Arkansas." (Italics supplied.)

It should be noted that the complaint does not charge that appellees failed to conform to sanitary regulations contained in the act, nor that they conducted a massage establishment or school in a "residence." So the real issue is whether the only other prohibition in Sec. 3 (b) makes it unlawful for appellees to employ any person as a masseur or masseuse who does not hold a certificate of registration, as appellants contend, or whether it merely makes it unlawful for them to employ any person as an "operator" of a massage establishment or an "instructor" in a massage school if such person does not hold a certificate of registration, as appellees insist. We think the chancellor correctly adopted the latter view.

To adopt appellants' contention, we must construe the word "operator" as having been used by the Legislature as synonymous with the words "masseur or masseuse." While it has various meanings, the Legislature obviously used the word "operator" in the subsection in the same sense that the word "operate" is used therein; and that is that an operator is "one who operates" a massage establishment, just as an "instructor" is one who instructs at a massage school. This is the first and general definition given the word in *Webster's New International Dictionary*. This view is fortified by consideration of other sections of the act which define the terms, "masseur and masseuse," "massage establish-

ment," "massage school" and "massage," but do not define "operator" or "instructor." Section 11 of the act makes it unlawful for any person "to own, manage or *operate* any massage school or establishment," unless certain sanitary requirements are met.

Even if there were some ambiguity in the meaning to be placed on the wording of Section 3 (b), we would reach the same conclusion. The act is in derogation of the common law and is highly penal with a maximum penalty of a jail sentence of six months and a fine of $500 upon conviction for violation of its provisions. Under our well settled rule it must be strictly construed in favor of those upon whom the burden is sought to be imposed, and nothing will be taken as intended that is not clearly expressed. *State* v. *International Harvester Company,* 79 Ark. 517, 96 S. W. 119. As this court said in *Holford* v. *State,* 173 Ark. 989, 294 S. W. 33: "There is no better settled rule in criminal jurisprudence than that criminal statutes must be strictly construed and pursued. The courts cannot, and should not, by construction or intendment, create offenses under statutes which are not in express terms created by the Legislature." See also, *Giles* v. *State,* 190 Ark. 218, 78 S. W. 2d 70.

Since we have concluded that the trial court correctly dismissed the complaint against appellees on the ground that it did not state facts sufficient to constitute a cause of action against them, we find it unnecessary to determine the moot question as to whether the court erred in refusing to sustain the demurrer on other grounds as contended by some of the appellees on cross-appeal.

Affirmed.

Justice WARD dissents.