**Samuel COREY, d/b/a Tokyo House Massage Parlor, Plaintiff,**

v.

**CITY OF DALLAS, et al., Defendants.**

**Civ. A. No. CA–3–5519–D.**

United States District Court,
N. D. Texas,
Dallas Division.

Nov. 29, 1972.

Benners, Shettle & Hill, Jack Hill, Dallas, Tex., for plaintiff.

Joseph G. Werner, Asst. City Atty., Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

ROBERT M. HILL, District Judge.

Samuel Corey, plaintiff, challenges as unconstitutional Ordinance No. 13,752 of the City of Dallas, Texas. This ordinance is codified in the City Code of Dallas as Chapter 25A Massage Establishments and it provides for the licensing and regulation of massage establishments.[1] Corey particularly challenges Section 25A–15 of this ordinance which makes it unlawful for any person to administer a massage to any person of the opposite sex.[2] The matter in controversy exceeds the sum of $10,000 and jurisdiction is conferred upon this court by virtue of 28 U.S.C. § 1331.

Corey owns and operates massage establishments in Austin and San Antonio, Texas, in which female massagists, or masseuses, administer massages to male customers. Corey desires to establish similar establishments in Dallas, but complains that Section 25A–15 prohibits him from doing so. Corey attacks the ordinance as being an unreasonable exercise of police power which violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States.

The City of Dallas contends that Corey has no standing to bring this suit. It also urges that the ordinance applies equally to both men and women, that is, it does not favor a massagist of one sex over a massagist of another sex, and thus is not discriminatory. The City further urges that the ordinance is reasonably and rationally related to a legitimate governmental interest, i. e. public health, safety and morality. For these reasons the City of Dallas argues the ordinance is not violative of the Fourteenth Amendment.

Trial was to the court and this court is of the opinion that Section 25A–15 does violate the Equal Protection Clause of the Fourteenth Amendment and is unconstitutional.

### Standing to Sue

█ The City of Dallas urges that Corey has not shown any injury, or the immediate danger of injury, through the enforcement of the ordinance in question, and without such showing he has no standing to bring this suit.

Although Corey does not represent himself to be a massagist, or masseur, who would be prohibited by the challenged ordinance to massage female customers and who would thus have standing to sue, his allegations nevertheless give him proper standing to challenge this ordinance. The relationship here between Corey and those individuals whose rights he seeks to assert is not simply the fortuitous connection between employer and employees. The enforcement of this ordinance occupationally restrains those persons Corey would normally employ in his business and thus prevents him from practicing his chosen occupation in the City of Dallas. Corey's injury is not indirect or remote. Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed. 2d 349 (1972); Barrows v. Jackson, 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953). In Truax v. Raich, 239 U.S. 33,

1. Chapter 25A provides that a massage establishment which employs persons who have been convicted of certain crimes shall not receive a license. Licenses may be revoked if the licensee is convicted of a crime involving sexual misbehavior and in the event an employee of the licensee is convicted the license may be suspended for a period of ninety days. The ordinance establishes the hours within which a massage establishment may operate and provides for inspection by city officials.

2. Section 25A–15 reads as follows:
It shall be unlawful for any person to administer a massage as defined in section 25A–1 to any person of the opposite sex; provided, however, that this section shall not apply to any physician or chiropractor, nor shall it apply to any registered physical therapist or registered nurse operating under the direction of a physician.

36 S.Ct. 7, 60 L.Ed. 131 (1915), it was urged that an alien employee had no standing to challenge the constitutionality of a state law limiting the number of aliens his employer could hire since only the employer was subject to prosecution and injury under the law. The Supreme Court held the law operated directly on the employment of the alien and that injury to the alien in fact was direct and gave the alien standing to sue.

The right of Corey to operate a legitimate business in the City of Dallas is intricately related to the rights of his employees to equal protection under the law and gives Corey standing to bring this suit.

*Equal Protection Clause*

Corey challenges the ordinance in question as being violative of the Equal Protection Clause of the Fourteenth Amendment.[3]

The Equal Protection Clause does not deny to a state or local government the power to treat different classes of persons in different ways in the area of public health, safety and morality. Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). However, governmental bodies are denied the power to legislate persons into different classifications when the classifications are unrelated to the objective of the legislation. McDonald v. Board of Election Comm'rs, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1968); Railway Express Agency v. New York, 336 U.S. 106, 66 S.Ct. 463, 93 L.Ed. 533 (1949); Royster Guano Co. v. Virginia, 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920).

Where a challenge based upon classification is made to a state or local law under the Equal Protection Clause a court is required to consider "the facts and circumstances behind the law, the interests which the State claims to be protecting, and the interest of those who are disadvantaged by the classification."

Kramer v. Union Free School Dist., 395 U.S. 621, 626, 89 S.Ct. 1886, 1889, 23 L.Ed.2d 583 (1969); Williams v. Rhodes, 393 U.S. 23, 30, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968).

There are two standards which are applicable in evaluating a classification by law which is challenged under the Equal Protection Clause.

A. Rational Basis Standard

■ If a classification does not affect a "fundamental right," its constitutionality is to be judged on the basis of whether the distinction drawn by the law has some *rational basis* to a legitimate governmental interest. McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). In *McGowan* the Supreme Court held that the Equal Protection Clause "is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective" and that "a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." 366 U.S. at 425, 426, 81 S.Ct. at 1105. Further, the Court held that there is a presumption of constitutionality of the law where a rational basis for classification conceivably exists even though there is a resulting inequality.

B. Compelling State Interest Standard

■ On the other hand, if a classification does affect a "fundamental right," its constitutionality is to be judged on the basis of whether the classification is necessary to promote a *compelling state interest*. Kramer v. Union Free School Dist. 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965); Skinner v. Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942).

---

3. Corey also challenges the ordinance as violating the Due Process Clause of the Fourteenth Amendment. The merits of this challenge are not discussed in view of the conclusion of this court that the ordinance violates the Equal Protection Clause.

In *Kramer* and *Carrington* the issue was the extent to which persons could be classified in determining their right to vote. The Court in each case held that the right to vote was a basic right and any legislation imposing restrictive classification as to the exercise of the right would be closely scrutinized. The Court further held that the statute in each case did not have the presumption of constitutionality afforded statutes which do not involve a fundamental right.

In *Shapiro* state welfare residence requirements were challenged under the Equal Protection Clause and the Court held that the right to travel was so basic and fundamental that any statute inhibiting such right was "patently unconstitutional." 394 U.S. at 631, 89 S.Ct. 1322, 22 L.Ed.2d 600.

In *Skinner* the challenge was to a state law which provided for sterilization of habitual criminals. The Court held that the right of marriage and procreation was of such a fundamental nature that any unequal treatment of persons, short of a substantial justification, would result in "invidious" discrimination. 316 U.S. at 541, 62 S.Ct. 1110, 86 L.Ed. 1655.

■ In order for legislation affecting a fundamental right to withstand a challenge under the Equal Protection Clause, it is incumbent on the governmental authorities to show that there was no other practical manner in which the objective of the legislation could be accomplished and that the interest of the governmental authority is superior to the rights of the persons who may be adversely affected by the legislation.

## Fundamental Right

There is no question that Chapter 25A–15 does infringe on the right of both Corey and his employees, to pursue a legitimate business, vocation or employment in the City of Dallas. Thus, the initial inquiry is whether the rights inhibited by this ordinance are fundamental in nature.

■ The Supreme Court has recognized that it is not necessary that a right be specifically expressed in the Constitu-

tion before it is considered a fundamental right. Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). The right to earn a livelihood by following one's legitimate occupation is a right implicit in the Fourteenth Amendment. Terrace v. Thompson, 263 U.S. 197, 44 S.Ct. 15, 68 L.Ed. 265 (1923); New State Ice Co. v. Liebmann, 285 U. S. 262, 52 S.Ct. 371, 76 L.Ed. 747 (1932); Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1915).

In *Liebmann* the Court stated that a state statute which curtails the right to pursue a legitimate business unless a public need be shown is violative of the Fourteenth Amendment. The Court held that:

Plainly, a regulation which has the effect of denying or unreasonably curtailing the common right to engage in a lawful private business, such as that under review, cannot be upheld consistent with the Fourteenth Amendment. Under that amendment, nothing is more clearly settled than that it is beyond the power of a state, "under the guise of protecting the public, arbitrarily [to] interfere with private business or prohibit lawful occupations or impose unreasonable and unnecessary restrictions upon them." [citing cases] 285 U.S. at 278, 52 S. Ct. at 374.

In *Truax* the Court held that:

It requires no argument to show that the right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was the purpose of the [Fourteenth] Amendment to secure. [citing cases] 239 U.S. at 41, 36 S.Ct. at 10.

In *Truax* a statutory scheme whereby an employer was restricted in the number of aliens he could employ was held to be an occupational classification based on race and nationality and was condemned by the Court.

■ It is now clear that certain statutory classifications based upon sex may also be violative of the Equal Protection

Clause. Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).[4] It is also clear that Congress through its enactment of the Civil Rights Act of 1964 [5] intended for discrimination in employment based upon sex to be unlawful.[6]

This court concludes that Corey has a fundamental right to operate a massage establishment in the City of Dallas. Any ordinance which infringes on Corey's right to do business through a classification based on sex which restricts who Corey may employ in his business contravenes the Fourteenth Amendment unless the objective of the ordinance is supported by a compelling governmental interest.

### Objective of the Ordinance

It has long been recognized that it is a valid exercise of its police power for a city to regulate massage establishments on the basis of public health, safety and morality. Ladwig v. Arlington Hotel, 225 Ark. 972, 286 S.W.2d 853 (1956); Lancaster v. Municipal Court for Beverly Hills, J. D., 6 Cal.3d 805, 100 Cal.Rptr. 609, 494 P.2d 681 (1972). People ex rel. Anderson v. Chicago, 312 Ill. App. 187, 37 N.E.2d 929 (1914); Wormsen v. Moss, 177 Misc. 19, 29 N.Y.S.2d 798 (1941); Cheek v. Charlotte, 273 N.C. 293, 160 S.E.2d 18 (1968); Commonwealth v. Allison, 103 Pa.Super. 140, 156 A. 812 (1931); Newman v. State, 58 Tex. Crim. 223, 124 S.W. 956 (1910); State Bd. of Medical Examiners v. Terrill, 48 Utah 647, 161 P. 451 (1961); J.S.K. Enterprises, Inc. v. City of Lacey, 6 Wash. App. 43, 492 P.2d 600 (1972). In the exercise of this valid police power, the City of Dallas enacted a comprehensive ordinance covering massage establishments. The ordinance originally contained no restrictions regarding whom a massagist could massage, but in 1960 the ordinance was amended to include the language of Section 25A–15 which prohibits a person of one sex to massage a person of the opposite sex.

At trial police officers testified that they made periodic trips to massage establishments and in one such establishment where masseuses were administering massages to male persons, two masseuses agreed to meet the officers at a later time for purposes of prostitution. There was no evidence that illegal sex acts were being committed on the premises of any establishment. Several officers in the vice department testified that in their opinion if persons of the opposite sex were permitted to massage each other it would result in the commission of prohibited sex acts and increased occurrences of prostitution. Thus, the evidence in this case shows that the underlying purposes of Section 25A–15 are the prohibition of illegal sexual conduct between persons of the opposite sex under the guise of administering massages and the formulation of agreements between males and females to commit such acts at other places.

Since this ordinance affects the fundamental right to work, the interest of the City of Dallas in enforcing this ordinance must be based on a compelling governmental interest.

The court feels such an interest is lacking in this case because there are alternative methods which the City of Dallas may employ to achieve the objective of the ordinance. The ordinance has other specific sections which could be

4. In Reed v. Reed the Court struck down a state statute which gave males a preferential right over females to act as representatives of decedents' estates. The Court tested this statutory classification by the less stringent standard of whether the statute was reasonable and had a "substantial relation" to the purpose of the legislation, and found that it did not. See also Note, 8 Hous.L.Rev. 587 (1971).

5. 42 U.S.C. § 2000e–2(a)(1) (1964).

6. This court notes that the proposed Twenty Seventh Amendment to the United States Constitution, which has been approved by the legislatures of a number of states, provides that "[e]quality of rights under the law shall not be denied . . . on account of sex."

A similar amendment to the Texas Constitution was approved by the voters of the State of Texas at the last general election.

invoked to accomplish the same objective as Section 25A–15.[7] There are also other city ordinances and state statutes which prohibit lewd and immoral conduct.[8] Since alternative remedies are available to the City of Dallas, the objectives of Section 25A–15 are not superior to the fundamental rights of those who may be adversely affected by the enforcement of that provision of the ordinance.

### Prior Judicial Approval

This court has been cited to Patterson v. City of Dallas, 355 S.W.2d 838 (Tex. Civ.App.—Dallas 1962, writ ref'd n. r. e.), appeal dismissed, 372 U.S. 251, 83 S. Ct. 873, 9 L.Ed.2d 732 (1963), in which essentially the same ordinance was challenged as being violative of the Equal Protection Clause. In *Patterson* the state court held that the ordinance was a lawful exercise of the powers of the City of Dallas to regulate and protect the health and morals of the community. The ordinance was found to have a "reasonable and substantial relationship to the end sought to be achieved."

Since the decision in *Patterson* the Supreme Court of the United States has emphasized the concept of basic rights which are protectable under the Constitution, and the Court has struck down those laws which infringe upon these basic and fundamental rights.

This court feels that since *Patterson* a more onerous standard had been recognized for testing the constitutionality of such ordinances as involved here. Thus, the rational basis standard in *Patter-*

*son*, though arguably proper at that time, is no longer the correct standard applicable today. Therefore, this court respectfully declines to be bound by the decision in *Patterson*.[9]

### The Ordinance

In applying the "compelling governmental interest" standard to the Dallas massage ordinance, this court is of the opinion that that ordinance is not necessary to regulate illegal conduct. The ordinance is blanket in nature and its *effect* is to exclude female as well as male massagists, no matter how individually qualified and no matter how they conduct themselves, from a full exercise of their chosen occupations. This ordinance prohibits a legitimate business in order to prohibit illegal conduct. To deny all massagists the right to practice their profession upon both sexes because some persons would use the practice as a subterfuge to perform illegal acts is unreasonable and arbitrary. The City of Dallas can prohibit the illegal conduct with which Section 25A–15 is concerned by less onerous means. The city could regulate the administering of massages in detail by requiring the licensing of massagists, by regulating the dress of massagists and customers, by prohibiting the administering of massages in private areas of the establishment and by regulating the establishments' hours of operation.

### Conclusion

The ordinance in question creates a statutory classification based on sex

---

7. See note 1, *supra*.

8. *E. g.*, Vernon's Tex. Penal Code Ann. arts. 510–525 (1953).

9. In Patterson the court relied strongly upon the holding of the California District Court of Appeals in Ex Parte Maki, 56 Cal.App.2d 635, 133 P.2d 64 (1943). The Maki court also applied the rational basis test in determining that a similar ordinance was not in violation of the Equal Protection Clause.

   However, in J.S.K. Enterprise, Inc. v. City of Lacey, 6 Wash.App. 43, 492 P.2d 600 (1971), an appellate court of the State of Washington, after reviewing re-

cent decisions and statutes relating to sex discrimination, expressly rejected the holding in Ex Parte Maki and found that a similar ordinance was unconstitutional under the Equal Protection Clause.

The Supreme Court of California in Lancaster v. Municipal Court, 6 Cal.3d 805, 100 Cal.Rptr. 609, 494 P.2d 681 (1972), struck down the regulatory scheme upheld in Ex Parte Maki on the basis that the ordinance in question was not in fact directed at regulating the operation of massage parlors, but rather was aimed at the regulation of sexual activity, and as such was pre-empted by state law.

which prohibits one engaged as a massagist from pursuing his or her vocation to its fullest extent. It also directly restricts Corey in the pursuit of a legitimate business activity. Since the ordinance infringes on the basic right to earn a livelihood, then the statutory scheme can only be justified by a compelling governmental interest. This court finds that there are practicable alternative methods available to the City of Dallas which would achieve the same objectives of this ordinance. Therefore, the objective of this statutory classification based on sex is not supported by a compelling governmental interest and is violative of the Equal Protection Clause of the Fourteenth Amendment.

For the foregoing reasons, it is ordered and adjudged that Section 25A–15 of the City Code of the City of Dallas, Texas, is unconstitutional and that the City of Dallas, Texas, its officers, servants and agents, be enjoined from enforcing the provisions and language of Section 25A–15 of Chapter 25A.