**Gloria JOSEPH et al.**

v.

**G. Robert HOUSE, Jr., et al.**

**Civ. A. No. 595–72–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Jan. 15, 1973.

---

Philip J. Hirschkop, Alexandria, Va., Joseph S. Bambacus, Richmond, Va., for plaintiffs.

Gordon B. Tayloe, Jr., Asst. City Atty., Norfolk, Va., for City of Norfolk.

George S. Leonard, Washington, D. C., LaRue Van Meter, City Atty., City of Falls Church, Philip N. Brophy, Falls Church, Va., for 'Officials of Falls Church.

## MEMORANDUM

MERHIGE, District Judge.

This is a suit challenging the validity of several ordinances of Virginia municipalities which prohibit persons from massaging the bodies of persons of the opposite sex. The plaintiffs are Gloria Joseph, a former Norfolk masseuse, James R. Hogge, Secretary-Treasurer of Bo-Jac, Ltd., a Virginia corporation which operates massage parlors in Norfolk and Richmond, Doris Greene, Secretary of Spence Ent., Inc., a Virginia corporation which operates massage parlors in Norfolk, Richmond, and Alexandria, and Robert Kisley, the owner of a massage parlor in Falls Church. There are two groups of named defendants: the city officers of Norfolk, including the City Manager, Chief of Police, Mayor and City Councilmen, and the city officials of Falls Church, including the Mayor, Vice-Mayor, City Councilmen, City Councilwoman, Chief of Police, City Attorney and City Manager. In addition, the plaintiffs seek to bring suit against the "class of defendants representing officials in similar capacities of municipalities, towns, cities, counties, and other local governing bodies having ordinances or regulations proscribing bisexual massage." Jurisdiction of the action is attained pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202.

The plaintiffs seek a declaration that the ordinances in question are violative of the Constitution and laws of the United States, an injunction against the future enforcement of these ordinances against the plaintiffs, and $50,000 damages. The legal theories offered by the plaintiffs in support of the action are numerous. It is asserted that ordinances prohibiting bisexual massage are violative of (1) the sexual discrimination provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and must therefore fall because of the Supremacy Clause of the Constitution (Article VI, § 2); (2) the Equal Protection Clause of the Constitution, by virtue of sexual discrimination; (3) the Ninth Amendment's right to privacy; (4) the Due Process Clause, by virtue of having been pre-empted by a general state statutory scheme punishing sex related offenses; (5) the Due Process Clause, on grounds that the ordinances are overly broad and vague.

This matter first came on for hearing on December 12, 1972, when the Court granted a temporary restraining order (TRO) against the Norfolk defendants. On December 21, this Order was extended for an additional ten-day period. On December 26, 1972, without objection, a preliminary injunction was issued against the Norfolk defendants, and a temporary restraining order was issued

against the Falls Church defendants. Subsequently, both groups of defendants filed motions to dismiss. In addition, the Falls Church defendants filed a motion for an injunction against the plaintiffs, seeking to prohibit them from filing, either in federal or in state court, further actions challenging the Falls Church massage ordinance. Argument was heard on these motions on January 5, 1973, at which time the TRO against the Falls Church defendants was extended for an additional ten days to the end that the Court have an opportunity to consider the pending motions.

The two ordinances presently challenged are Falls Church Ord. No. 512 and Norfolk Ord. No. 26,623. Ord. No. 512 provides the following:

"12–50 MASSAGE SALONS, TURK-ISH, RUSSIAN OR MEDICATED BATHS—Massages or baths administered by a person of the opposite sex:

"It shall be unlawful for any establishment, regardless of whether it is a public or private facility, to operate as a massage salon, bath parlor, or any similar type business, where any physical contact with the recipient of such services is provided by a person of the opposite sex. Any person violating the provisions of this section, shall, upon conviction, be punished as hereinafter provided in this section; and in addition to such penalty, it shall be the duty of the City Manager of Falls Church, to revoke the license of the owner or manager of the establishment, wherein the provisions of this section shall have been violated.

"Violations of the above section, upon conviction, shall be punished by a fine of no less than twenty-five dollars ($25.00) or more than five hundred dollars ($500.00), or no less than ten (10) days or more than one (1) year in the County Jail, or both.

"This Ordinance shall be effective as of the date of its adoption."

The Norfolk ordinance provides the following:

"Sec. 31–10.1.  Body massage.

"It shall be unlawful for any person to massage the body of another person of the opposite sex in any public or private establishment.

"For the purposes of this section, an establishment shall not include: (1) hospitals, nursing homes, medical clinics, rehabilitation centers, the offices or quarters of a licensed physician surgeon, osteopath, chiropractor, registered nurse, licensed practical nurse or licensed registered physical therapist; or (2) barber shops or beauty parlors when such massage is confined to the scalp, head, face or neck of the recipient of the services; or (3) the private home of the recipient of the services when performed by a member of the recipient's family or an individual set out in (1) or (2) above.

"For the further purposes of this section, massage shall mean the manual or mechanical manipulation and physical contact with the body of the recipient of such services and shall include but not be limited to oil rubs, corrective gymnastics, mechano-therapy including color therapy, dietetics, hot packs and cabinet, tub, shower, sitz, vapor, sauna or any other type of bath or other activity of a similar nature.

"Any person violating any provision of this section shall upon conviction thereof, be guilty of a misdemeanor and be punished by a fine not exceeding one thousand dollars or imprisonment not exceeding twelve months either or both."

I

A preliminary matter before the Court is the plaintiffs' motion to add parties plaintiff (framed as a motion to intervene) and, in conjunction with this, a motion to file an amended complaint. This complaint alters the in-

itial pleading to the extent that it adds new parties and further prays the Court to declare the plaintiffs to be representative of the class composed of masseuses and massage parlor operators similarly situated. The new parties sought to be added are Yoki Sherick and Brenda Mock, Falls Church masseuses, and Hope Health Studios, Inc., Bernice Cook, and P. H. Hellyer, operators of massage parlors in Falls Church. Rule 21, Fed.R. Civ.Pro., provides that parties to an action may be added by order of the Court at any stage of the proceedings. This rule precludes the plaintiffs from being able to file their amended complaint as of right, which they seek to do. The plaintiffs would ordinarily be able to do so under Rule 15(a) because of the failure of Falls Church to file a responsive pleading. However, the main purpose of the amended complaint is to add new plaintiffs. While the original plaintiffs are not to be permitted so blandly to defeat the requirement that the Court must order such additions by proceeding under Rule 15, 3 Moore's Federal Practice ¶ 15.07[2] at 858 (1972), the Court concludes it appropriate to exercise the discretion vested in it by Rules 15 and 21 and permit the filing of the amended complaint. The addition of parties is not made at a late stage of the proceedings. The Court recognized that it is sought for the primary purpose of hopefully defeating a plea of res judicata by the Falls Church defendants. To disallow the joinder, and perhaps also to uphold the Falls Church defendants' plea of res judicata, would doubtless produce the filing of another suit raising identical issues by the new plaintiffs. This result is repetitive litigation which this Court is bound to avoid. The amended complaint will be filed.

## II

A second preliminary matter involved the plaintiffs' request that the Court declare this to be a proper class as to the alleged plaintiff and defendant classes pursuant to Rule 23(b)(1), Fed. R.Civ.Proc. The Court concludes that it cannot do so. Although the plaintiffs assert that "[t]he class is so numerous that joinder of all plaintiff and defendant members is impracticable," they do not represent to the Court even an approximate number of Virginia municipalities which have ordinances against bisexual massage. Several cities in addition to the named defendants, notably Fairfax, Hampton and Newport News, are mentioned as having ordinances. Nevertheless, the plaintiffs have not yet met their burden of showing that it is extremely difficult or inconvenient to join all members of the purported defendant class. See 7 Wright and Miller, Federal Practice and Procedure § 1762, p. 593–94 (1972); 3B Moore's Federal Practice 23–278 (1972). Accordingly, the Court will conditionally deny the plaintiffs' motion for a declaration of a class of defendants. Neither, in the absence of a proper defendant class, is there a proper plaintiff class. The only persons, other than the named plaintiffs, who have a case or controversy with the named defendants are other masseuses and massage parlor operators in Falls Church and Norfolk. There is no indication that there exist a sufficient number of such parties to justify the declaration of a class. The action therefore will proceed as a named parties action.

## III

The defendants in their brief rely heavily upon a plea of res judicata. It appears from the record that the plaintiff Robert Kisley brought suit on March 24, 1971, in the Circuit Court of Fairfax County against councilmen and city officials of Falls Church. In this action Kisley sought an injunction against the enforcement of Ord. No. 512 and a declaration that it was inconsistent with the laws and Constitution of the United States and Virginia and that it was arbitrary and capricious. On April 19, 1971, a temporary injunction against the defendants was dissolved, and the action was dismissed. This decision was appealed to the Virginia Su-

preme Court, where Kisley argued that the ordinances are inconsistent with state statutes, that they deny the plaintiff due process and equal protection of the law, and that they are discriminatory, in that barber shops are excluded from the operations of the ordinance. The Supreme Court of Virginia ruled against Kisley on each of his arguments. Kisley v. City of Falls Church, 212 Va. 693, 187 S.E.2d 168 (1972). Kisley appealed this decision to the United States Supreme Court, but on October 16, 1972, that Court dismissed the appeal for want of a substantial federal question. Kisley v. City of Falls Church, 409 U.S. 407, 92 S.Ct. 237, 34 L.Ed.2d 169 (1972).

■■ From this history of prior litigation, the Court concludes that Robert Kisley has had his day in court. Several of the bases on which he seeks to invalidate Ord. No. 512 were pursued in his previous action. More importantly, Kisley could have raised every argument and theory upon which he now relies. The doctrine of, and policy behind, res judicata dictates that a party not be allowed voluntarily to litigate a claim and then, upon its unsuccessful disposition, to relitigate the same on a new legal theory. Saylor v. Lindsley, 391 F.2d 965 (2d Cir. 1968); Acree v. Air Lines Pilots Ass'n, 390 F.2d 199 (5th Cir. 1968); Brotherhood of R. R. Trainmen v. Chicago, M., St. P. & P. RR Co., 127 U.S. App.D.C. 58, 380 F.2d 605 (D.C. Cir. 1967). To permit such subsequent suits would be to prolong litigation interminably. This conclusion is not altered by the fact that the prior decision was rendered by a state court, while the present litigation is pursued in the federal system. The statement by the Fifth Circuit Court of Appeals cited by the defendants states succinctly the proper policy:

"State courts are competent to decide questions arising under the federal constitution, and federal courts most assuredly do not provide a forum in which disgruntled parties can re-litigate federal claims which have been presented to and decided by state courts."

Deane Hill Country Club, Inc. v. City of Knoxville, 5 Cir., 379 F.2d 321 (1967); see also Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); Patterson v. City of Newport News, 364 F.2d 816 (4th Cir. 1966). As to the plaintiff Kisley, the plea of res judicata is well taken, and he will be dismissed as a party plaintiff.

■ Kisley is the only party, however, who is precluded by the doctrine of res judicata or collateral estoppel. None of the other parties plaintiff in this action were parties in the previous litigation, nor does it appear that any of them were in privity with or successors to Kisley. To rule, as the Norfolk defendants in particular seem to request, that Kisley's adverse state decision bars an action by the other parties would clearly deny them their day in court. In the absence of an order in the state court allowing a class action, such parties may if jurisdiction be present litigate their alleged controversy in the federal courts, including suits centering about ordinances which previously withstood attacks by other parties. Carter v. City of Fort Worth, 456 F.2d 572 (5th Cir. 1972); Jeffries v. Swank, 337 F.Supp. 1062 (D.C.Ill.1971).

IV

■ The defendants urge this Court to abstain from taking further action in this case pending the outcome of a civil suit filed by Robert Kisley in the Circuit Court of Fairfax County on November 14, 1972. This argument may now be moot by reason of the Court's conclusion that Kisley should be dropped as a plaintiff from this proceeding. Even if it is not, however, the Court concludes that this case does not present the sort of situation which calls for federal abstention. Federal and state courts have concurrent jurisdiction to decide issues of federal law. Both may proceed simultaneously. It is only in certain,

well-defined circumstances that a federal court will abstain from exercising its jurisdiction pending the outcome of state proceedings, whether or not such state proceedings are then pending.

■ The defendants have not shown the Court that this case falls within a category for which abstention is called. Abstention is most generally appropriate where the meaning and effect of the statute or ordinance under attack is not clear and where construction by the state court "might avoid in whole or in part the necessity for federal constitutional adjudication, or at least materially change the nature of the problem." Harrison v. NAACP, 360 U.S. 167, 177, 79 S.Ct. 1025, 1030, 3 L.Ed.2d 1152 (1959); Railroad Comm'n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The primary grounds of attack by the plaintiffs in this case is that the prohibition of bisexual massage is contrary to federal law. Any interpretation by a state court of the ordinances in question could in no way alter the existence of this prohibition in the ordinances. Indeed, the Virginia Supreme Court has already examined the Falls Church ordinance and considered its meaning. The only claim made by the plaintiffs which might possibly be rendered moot by further interpretation of the ordinances is the claim that they are overly broad and vague. Had this been the sole claim made, the Court might consider abstention. However, in light of the substantial claims attacking the substance of the ordinances and the fact that the Virginia courts have already construed the Falls Church ordinance, the Court concludes that comity does not require it to abstain, and indeed it is the Court's duty not to.

■ In line with its abstention argument, the defendants also urge that this action is precluded by 28 U.S.C. § 2283, the anti-injunction statute, which prohibits, with certain exceptions, the issuance of federal injunctions to stay pending state court proceedings. The injunction sought by the plaintiffs does not seek to enjoin the Fairfax County civil proceeding. Accordingly, § 2283 does not bar this action as far as Kisley's civil suit is concerned.

V

■ On November 16, 1972, a prosecution was filed before the Municipal Court of Falls Church against Robert Kisley for violation of Ord. No. 512. The Court has not been made aware of the progress of this prosecution, but if it were still pending and if Robert Kisley were the sole plaintiff in this action, then, of course, the Court could not entertain the instant action. It would be precluded from doing so by the equitable doctrine against the enjoining of pending criminal actions expressed in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Even if the complaint were not read to seek an injunction against the pending prosecution, the Court would in its opinion be precluded from rendering a declaratory judgment while the criminal action was proceeding. Samuels v. Mackell, 401 U. S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). However, Kisley is no longer a plaintiff to this action, and the Court's declaration cannot affect his pending prosecution. Indeed the Court does not read the complaint to seek an injunction against pending, as well as future criminal prosecution, such that Younger (supra) and § 2283 problems arise. See Baines v. City of Danville, 337 F.2d 579, 595 (4th Cir. 1964) (restraints upon future prosecutions are beyond the reach of § 2283).

VI

■ The final points in support of defendants' motion to dismiss are that the massage parlor operators are not real parties in interest, that venue in the Richmond division is improper and that the complaint fails to state a cause of action against the defendants in their individual capacity. The first point is covered in the Court's discussion of probability of success. The third point goes basically to the issue of damages,

and the Court elects to defer judgment on that issue. As to venue, Gilbert v. General Electric Co., 347 F.Supp. 1058 (E.D.Va., 1972) aff'd, makes clear that an action brought pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, may be brought in any district court within a state. Venue is thus proper in Richmond.

■ The defendants further assert that they are entitled to a three-judge court to hear this action. This contention is totally without merit, since the ordinances in question are local, rather than state-wide, in nature.

The defendants' motion to dismiss will be denied. Their motion for an injunction against future judicial proceedings by the plaintiffs will be continued under advisement.

### MOTION FOR PRELIMINARY INJUNCTION

Turning to the merits of the motion for a preliminary injunction, the Court takes note that the purpose of such an injunction is "to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity." Sinclair Refining Co. v. Midland Oil Co., 55 F.2d 42, 45 (4th Cir., 1932). The first question in this action is just what the status quo at the time of this suit was. The defendants contend that the Falls Church massage parlors were not in operation at the time this Court issued its TRO and that to issue a preliminary injunction would be to upset the status quo.

The record reveals that Ord. No. 512 became effective on March 22, 1971. Immediately thereafter, on March 24, 1971, Robert Kisley secured a temporary injunction against the enforcement of the ordinance. This injunction was subsequently dissolved, but the case was appealed to the Virginia Supreme Court and to the United States Supreme Court. During that entire period, until October of 1972, the ordinance apparently was not enforced, except for an approximately one-week period during 1971. The parlors remained in operation except for that short period. During the fall of 1972, enforcement of the ordinance began briefly, and Kisley testified that his operation was again closed for approximately one week. Subsequently, this Court issued a restraining order against the enforcement of the ordinance, and the parlors reopened.

■ The Court concludes from the history of this ordinance's enforcement that the status quo to be preserved is the nonenforcement of the ordinance. Certainly, if the plaintiffs had come to this Court on March 24, 1971, a TRO against the enforcement of the ordinance would have been preservative of the status quo, rather than the contrary. The continued nonenforcement of Ord. No. 512 from the date of its passage leads the Court to conclude that the same considerations apply at this time.

In determining whether to issue a preliminary injunction, the Court must weigh equities and consider various factors. Not the least of these is the likelihood that the plaintiffs will succeed on the merits at trial.

■ Upon thorough examination of the legal theories upon which the plaintiffs proceed, the Court concludes that there is a likelihood of success as to at least one of them. Title VII of the Civil Rights Acts, 42 U.S.C. § 2000e et seq., provides that an employer cannot "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his . . . privileges of employment, because of such individual's . . . sex." Courts have held that the supremacy clause voids those statutes and ordinances which require private employers to violate the terms of the Act. See, e. g., Ridinger v. General Motors Corp., 325 F.Supp. 1089 (D.C.Ohio 1971); Potlatch Forests, Inc. v. Hays, 318 F.Supp. 1368 (D.C.Ark.1970). Accordingly, if the plaintiffs can estab-

lish that the ordinance discriminates on the basis of sex within the meaning of the act, they will succeed on the merits.[1] Such proof is entirely conceivable under the strict requirements of Title VII. See Corey v. City of Dallas, 352 F.Supp. 977 (N.D.Tex.1972).

■■■■ The other grounds for relief asserted by the plaintiffs also present a likelihood, though somewhat less substantial, of success. There is some possibility of success on the basis of the equal protection clause. More importantly, the Court's reading of the Falls Church ordinance indicates that the plaintiffs' attack based on vagueness may be well founded. While the Court may ultimately abstain from considering this contention against the Norfolk ordinance in order that state courts may be given an opportunity to limit the breadth of that ordinance, such an opportunity has already been afforded as to the Falls Church ordinance, making abstention improper as to it. There is a likelihood of success against the Falls Church ordinance on this claim.

■■■■ The evidence before the Court also establishes that there is a grave danger that the plaintiffs will suffer irreparable harm from the enforcement of Ord. No. 512. Sexual discrimination, like racial discrimination, denigrates the humanity of those discriminated against. It is not in any realistic sense compensable by damages. In addition, the massage parlor operators may also suffer irreparable injury. Although such injury is only monetary in nature, there is serious doubt as to whether the plaintiffs have a cause of action for damages against any party. If they do not, any monetary losses which they may incur between this date and the date of any future trial and decision would be irretrievable.

Finally, the Court must consider the effect which a preliminary injunction would have upon the defendants. While a prohibition against the enforcement of any duly enacted law or ordinance is always a grave matter, the Court notes as it did previously the lengthy period during which this ordinance was on the books but not enforced. A preliminary injunction would not work any great disruption to the orderly enforcement of Falls Church's laws. To the contrary, it would merely continue a prior standing policy of nonenforcement.

In sum, upon a thorough balancing of the equities, the Court concludes that a preliminary injunction should issue. An order in accordance with this conclusion shall issue.

1. From unrefuted representation made by the plaintiffs' counsel at oral argument, it appears that Gloria Joseph, one of the plaintiffs, has already brought a complaint before the Equal Employment Opportunity Commission. She was given a waiver by the EEOC, which appears to satisfy the requirement that she exhaust her administrative remedies prior to bringing this action. Although Miss Joseph is from Norfolk rather than Falls Church, it is generally held that only one member of a class need exhaust administrative remedies. See, e. g., Butler v. Local Nos. 4 & 269, Laborer's International Union, 308 F.Supp. 528 (D.C.Ill.1969). While the Court has not declared a plaintiff class in this action, it concludes that the same considerations may well apply. Even if they do not, it is not entirely clear that EEOC remedies need be exhausted in an action such as this, where the actual party defendant is not the employer, but the municipality, and where the gravamen of the action is under the supremacy clause. See, e. g., Potlatch Forests, Inc. v. Hays, supra, 318 F.Supp. 1368.