VALLEY HEALTH SYSTEMS, INC., a Wisconsin corporation, and Sandra Micale, Plaintiffs,

v.

CITY OF RACINE, a municipal corporation of the State of Wisconsin, et al., Defendants.

No. 73-C-464.

United States District Court,
E. D. Wisconsin.

Oct. 9, 1973.

Schwartz, Schwartz Roberts & Cairo by Victor Cairo, Racine, Wis., for plaintiffs.

Jack Harvey, City Atty. of Racine by William F. Bock, Racine, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a motion for a preliminary injunction. The plaintiffs, Valley Health Systems, Inc. (Valley), and Sandra Micale, who is its principal shareholder and one of several females employed there, challenge as unconstitutional certain provisions of § 20.20 of the Municipal Code of the City of Racine, Wisconsin, which is entitled "Massage Establishments and Massage Technicians".

Specifically, the plaintiffs challenge subsections (15), (12)(i), (5), and 1.07(1) and (2) of that ordinance. These sections do the following: (a) make it unlawful for any person to administer a massage to any person of the opposite sex; (b) require a license and graduation from an accredited school of massage as prerequisites for administering massages; (c) exempt from these licensing and permit requirements, through a "grandfather clause", a class of persons which does not include the plaintiffs; and (d) provide for cumulative penalties for any continued violation of its strictures.

The plaintiffs attack the several provisions of the ordinance as being unreasonable exercises of police power which violate the due process and equal protection clauses of the fourteenth amendment and request a declaratory judgment to that effect. The defendant city urges that the ordinance is reasonable and rationally related to the legitimate government interest in public health, safety, and morality. This matter is before me on the plaintiffs' motion for preliminary injunctive relief from the enforcement of the challenged provisions of this ordinance. The parties' positions have been fully briefed.

Except for the "opposite sex" provision, each of the challenged provisions of the ordinance appears likely to withstand constitutional attack and to remain enforceable. I find that the plaintiffs' motion for preliminary injunctive relief from the enforcement of the ordinance should be granted in part and denied in part.

Valley, through its female employees, has administered massages to male customers at its establishment in Racine since November, 1972. The local ordinance in question was enacted on April 4, 1973. Since then, Valley's employees have been charged with the violation of § 20.20 on numerous occasions. The defendant city maintains that these arrests have not been made pursuant to the "opposite sex" clause contained therein, but have been occasioned by the plaintiffs' continuing failure to meet the licensing and permit requirements.

Under the circumstances of this case, the plaintiffs appear to have standing to challenge the several parts of the local ordinance in question, including the "opposite sex" clause, notwithstanding the city's contention that the plaintiffs have not yet been charged with the violation of that particular subsection. See Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973). Furthermore, the decisions of other courts in this area demonstrate that the plaintiffs' constitutional attack upon the "opposite sex" provision contained in the challenged ordinance may be well taken.

Such provisions have recently been considered in Joseph v. House, 353 F. Supp. 367 (E.D.Va.1973), and in Corey v. City of Dallas, 352 F.Supp. 977 (N. D.Texas 1972). These cases make it clear that such a clause in an ordinance violates equal protection tenets, notwithstanding a city's interest in promoting

morality. In *Corey*, at p. 982, the court said:

"In applying the 'compelling governmental interest' standard to the Dallas massage ordinance, this court is of the opinion that that ordinance is not necessary to regulate illegal conduct. The ordinance is blanket in nature and its *effect* is to exclude female as well as male massagists, no matter how individually qualified and no matter how they conduct themselves, from a full exercise of their chosen occupations. This ordinance prohibits a legitimate business in order to prohibit illegal conduct. To deny all massagists the right to practice their profession upon both sexes because some persons would use the practice as a subterfuge to perform illegal acts is unreasonable and arbitrary. The City of Dallas can prohibit the illegal conduct with which Section 25A–15 is concerned by less onerous means. The city could regulate the administering of massages in detail by requiring the licensing of massagists, by regulating the dress of massagists and customers, by prohibiting the administering of massages in private areas of the establishment and by regulating the establishments' hours of operation."

■ There thus exists a likelihood that the plaintiffs will succeed with regard to their constitutional attack on this particular provision of the city ordinance, and that, if it is enforced, they would suffer irreparable harm. Accordingly, the plaintiffs' request for preliminary injunctive relief prohibiting the defendant city's enforcement of subsection (15) of § 20.20 of the challenged ordinance must be granted.

Since the ordinance contains a severability clause, the several other challenged provisions should be given individual consideration. The city's assertion that Valley's personnel and premises do not meet the licensing and permit requirements set out in the ordinance is uncontroverted. The issue raised goes to the propriety of the city's enactment of an ordinance establishing such standards, where a nonconforming business entity is in operation, and is not exempted under the ordinance's "grandfather clause".

■ On its face, the minimum physical plant standards requiring, for example, individual dressing rooms and lockers for patrons, as well as separate showers and restrooms for male and female customers, appear to be reasonable and to come within the bounds of the city's legitimate exercise of its police power. I conclude, therefore, that the plaintiffs' constitutional attack thereon is not likely to succeed.

■ Finally, I conclude that the provisions of the ordinance which permit "cumulative penalties" for continuing violations of § 20.20 is reasonable in the context of this local regulatory system. It appearing the plaintiffs' constitutional attack upon these particular provisions of the challenged ordinance is unlikely to succeed, the preliminary injunctive relief requested with regard to them is inappropriate.

Therefore, it is ordered that the defendant city is preliminarily enjoined from enforcing subsection (15) of § 20.20, Municipal Code of the City of Racine, which prohibits persons from massaging the bodies of persons of the opposite sex.

It is further ordered that the plaintiffs' request for similar preliminary injunctive relief from the enforcement of certain other subsections of § 20.20, Municipal Code of the City of Racine, is denied.