Charles **TUOZZOLI** et al.

v.

Robert **KILLIAN**, Attorney General of the State of Connecticut, et al.

Civ. No. B–861.

United States District Court, D. Connecticut.

April 24, 1974.

Arnold H. Rutkin, Bridgeport, Conn., for plaintiff.

Gary I. Cohen, Seymour, Conn., for intervening plaintiff.

Robert K. Killian, Atty. Gen., F. Michael Ahern, Asst. Atty. Gen., Hartford, Conn., John F. Mulcahy, Jr., Deputy Chief State's Atty., Woodbridge, Conn., for defendants.

## MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

NEWMAN, District Judge.

This suit challenges the constitutionality of a state statutory scheme that bars hairdressers and cosmeticians from serving men, while permitting barbers to serve both sexes.

Plaintiffs are a licensed hairdresser, a Connecticut resident anxious to become a customer of the hairdresser, and the Connecticut Hairdressers and Cosmetologists Association, Inc. They argue that the statutes abridge the First, Ninth and Fourteenth Amendment rights of hairdressers and cosmetologists by subjecting them to an arbitrary classification that prevents them from practicing their occupation and from associating with males in the professional-client setting. They allege that rights of male customers are abridged because the statutes, without rational reason, bar them from receiving services available to women and from associating with hairdressers. They seek a declaratory judgment that the statutes are unconstitutional insofar as they restrict the clientele of hairdressers and cosmetologists to the female sex. Defendants are state officials responsible for enforcing the challenged legislation.[1] Both sides have moved for summary judgment.

■ Under the existing system, hairdressers and barbers are trained in separate schools, licensed by different officials and employed by distinct establishments. They perform many of the same functions, however, on the hair of clientele, see Conn.Gen.Stat. §§ 20–234 and 20–250(4), are trained in substantially the same skills and are subject to similar requirements for licensing.

The critical question is whether the restriction of the services of hairdressers to female clientele is rationally related to a legitimate state objective.[2] The answer is authoritatively provided by Texas Board of Barber Examiners v. Bolton, 409 U.S. 807, 93 S.Ct. 52, 34 L.Ed.2d 68 (1972), aff'g, 350 F.Supp. 494 (N.D.Tex.1972), striking down a Texas statute that limited cosmetolo-

---

1. A request for injunctive relief and the convening of a three-judge court has been withdrawn.

2. The right at stake here is the right to practice an occupation, which has been held "of the very essence of the personal freedom and opportunity that it was the purpose of the [Fourteenth] Amendment to secure," Truax v. Raich, 239 U.S. 33, 41, 36 S.Ct. 7, 10, 60 L.Ed. 131 (1915). The classification, however, is not *directly* based on sex, as it was in Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), since the statute does not forbid members of one sex from offering services if they are professionally qualified; nor does it forbid members of any profession from offering services to members of the opposite sex, *e. g.*, Corey v. City of Dallas, 352 F.Supp. 977 (N.D. Tex.1972).

gists to practice only on females and barbers to work only on males. The Connecticut legislation is not less constitutionally repugnant because it permits barbers to serve males as well as females; the difference, if anything, only enhances and dramatizes the arbitrariness of the restriction imposed on hairdressers.

Defendants make no attempt to distinguish *Bolton*, or to specify a state interest that might be served by this legislation that was not involved in the Texas case. Rather, defendants argue that the legislature sought "to protect the public by insuring that only skilled persons practiced each of the occupations" at a time when "women wore their hair long and men wore their hair short." If that was the legislative purpose, however, the statutory classification was hardly rational, since it permitted barbers to cut the hair of men and women without requiring them to have any additional haircutting skills, not required of hairdressers. The statute itself thus belies the two premises supposed by defendants for the legislature's action: that haircutting for men is a separate occupation from haircutting for women and that the skills required for one are distinct from those required for the other.

■ Under any formulation of the Fourteenth Amendment standard,[3] this statutory classification is constitutionally defective. Defendants argue that the statute must be upheld "if any state of facts reasonably can be conceived that would sustain it," Morey v. Doud, 354 U.S. 457, 464, 77 S.Ct. 1344, 1349, 1 L.Ed.2d 1485 (1957). But the parties have stipulated that there "is no ascertainable difference between the hair and skin of a member of the male sex and that of a member of the female sex," and that there "is now in vogue among some members of the male sex a 'unisex' fashion whereby said males desire to have their hair styled and cut in a longer and more detailed manner." Defendants suggest no additional facts that might justify the classification, and none is apparent.

The legislation does not bar a hairdresser or cosmetologist from obtaining a barber's license in addition to a hairdressing or cosmetology license and then serving a male clientele. Obtaining the additional license, however, would subject them to additional costs, see Conn. Gen.Stat. §§ 20–236, 20–239, 20–253. In addition, they would be compelled in effect to give up "hairdressing" if they chose to take up "barbering" because hairdressing cannot be practiced in a barbershop, Conn.Gen.Stat. § 20–258, and barbers cannot practice in a shop registered for hairdressing, Conn.Gen. Stat. § 20–260.

Whether this statutory scheme also violates the constitutional rights of potential male customers, and whether any rights would be violated by statutes requiring separation of male and female clientele within shops in the interests of privacy, are questions that need not be resolved here. Nor is any claim made that hairdressers may perform all of the services that may be furnished by barbers, *e. g.*, shaving. All that is decided in this case is that Conn.Gen.Stat. § 20–250(4), in defining hairdressing and cosmetology, is unconstitutional to the extent that the definition is limited to services rendered to females, and a declaratory judgment of this partial invalidity may enter.

3. *Compare* Weber v. Aetna Casualty & Surety Company, 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972) *with* McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).