Thomas E. SAXE et al., Plaintiffs,

v.

Harold BREIER et al., Defendants.

No. 74–C–349.

United States District Court,
E. D. Wisconsin.

Nov. 1, 1974.

Hagen & Kafkas by Earl A. Hagen, Milwaukee, Wis., for plaintiffs.

James B. Brennan, City Atty., by Thomas E. Hayes, Rudolph T. Randa and Grant F. Langley, Asst. City Attys., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the plaintiffs' motion for

"an order temporarily restraining the defendants . . . from threatening, harassing, discouraging, instituting criminal proceedings, or otherwise interfering with plaintiffs in the exercise of their rights under the United States Constitution and laws, with particular regard to enforcement of Section 106–13 of the Ordinances of the City of Milwaukee, Wisconsin [entitled 'Massage Treatment'], which ordinance makes it unlawful for any person to administer a massage to a person of the opposite sex. . . ."

The plaintiffs, Thomas Saxe, Donald Thomas and Diane Vandenbranden, are preparing to open massage parlors staffed solely by female masseuses. Toward that end, they have already entered into two-year leases for the premises of the proposed massage parlors. It is their position that Section 106–13 is unconstitutional on grounds of overbreadth and equal protection and that their fear of prosecution thereunder has caused them to postpone the commencement of such business.

In Valley Health Systems, Inc. v. City of Racine, 369 F.Supp. 97 (E.D.Wis. 1973), this court preliminarily enjoined the city of Racine from enforcing a similar ordinance. 369 F.Supp. at 99. Citing the cases of Joseph v. House, 353 F.Supp. 367 (E.D.Va.1973), and Corey v. City of Dallas, 352 F.Supp. 977 (N.D. Texas 1972), I concluded that such an ordinance "violates equal protection tenets, notwithstanding a city's interest in promoting morality," because, as the court said in *Corey*, at p. 982,

". . . its *effect* is to exclude female as well as male massagists, no matter how individually qualified and no matter how they conduct themselves, from a full exercise of their chosen occupations. This ordinance prohibits a legitimate business in order to prohibit illegal conduct."

See also Cianciolo v. Members of City Council, Knoxville, Tenn., 376 F.Supp. 719 (E.D.Tenn.1974).

In a letter to this court dated September 30, 1974, counsel for the defendants indicated that "an examination of . . . legal authorities relating to the operation of massage parlors has re-

sulted in a determination by this office not to submit a brief in opposition to plaintiffs' motion."

There exists a likelihood that the plaintiffs will succeed with regard to their constitutional attack on Section 106–13, and they would suffer irreparable harm if it is enforced. I conclude, therefore, that the plaintiffs' request for injunctive relief prohibiting the defendants from enforcing such section should be granted.

Therefore, it is ordered that the plaintiffs' motion for a temporary restraining order be and hereby is granted. Pending further order of the court in this matter, the defendants are temporarily restrained from enforcing Section 106–13, Milwaukee Code of Ordinances, which prohibits persons from massaging the bodies of persons of the opposite sex.