**Thomas SAXE et al., Plaintiffs,**

**v.**

**Harold BREIER et al., Defendants.**

**No. 74–C–613.**

United States District Court,
E. D. Wisconsin.

Dec. 24, 1974.

Earl A. Hagen, Milwaukee, Wis., for plaintiffs.

James B. Brennan, City Atty. by James E. Fitzgerald, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs are a Milwaukee massage parlor owner and one of the female masseuses in his employ. They seek an order temporarily restraining the defendants from enforcing § 106–13 of the Milwaukee Code, which was enacted on December 10, 1974, and is entitled "Massage Establishments, Massage Technicians, and the Practice of Massage", on the ground that such ordinance represents an unconstitutional

> "attempt by the City of Milwaukee to prohibit presumed illegal sexual conduct and to do so by providing such a chilling effect upon the operation of said [massage parlor] business as to virtually prevent the lawful operation thereof."

The plaintiffs' constitutional challenge is aimed at five provisions of the ordinance in particular. Subsection 3(a) limits the daily hours of massage parlors to between 8:00 A.M. and 10:00 P.M. In addition, a record of the date and hour of each massage, as well as the name and address of the patron and the name of the administering technician, must be maintained pursuant to subsection 3(c).

Part 3(f) of the ordinance sets forth certain minimum dress requirements for both the patron and the technician. Furthermore, massage of the genital area of any patron or the breasts of any female patron is proscribed by subsection 11(a). Finally, part 5 of the ordinance establishes certain minimum qualifications which must be met in order to qualify for a license as a massage technician; required is graduation from a school recognized by any one of several professional massage organizations or the demonstration by the applicant of "competence and proficiency to the satisfaction of the common council through continuous experience as a massage technician for a two (2) year period prior to the effective date of this ordinance."

On its face, the challenged ordinance does not appear to operate "to prohibit a legitimate business in order to prohibit illegal conduct." Cianciolo v. Members of City Council, Knoxville, Tenn., 376 F.Supp. 719 (E.D.Tenn. 1974). In Valley Health Systems, Inc. v. City of Racine, 369 F.Supp. 97 (E.D. Wis.1973), and Saxe v. Breier, 384 F. Supp. 36 (E.D.Wis., decided November 1, 1974), this court struck down only those portions of the ordinances regulating massage parlors which made it unlawful for any person to administer massages to a person of the opposite sex. I concluded that such ordinances "violate(d) equal protection tenets, notwithstanding a city's interest in promoting morality," because, as the court said in Corey v. City of Dallas, 352 F. Supp. 977 (N.D.Texas 1972), at p. 982:

> "its effect is to exclude female as well as male massagists, no matter how they conduct themselves, from a full exercise of their chosen occupations."

Significantly, no such equal protection infirmity appears to be present in the version of § 106–13 which was enacted on December 10, 1974. Moreover, in both Corey and Valley Health Systems, those portions of the defendant cities' regulatory schemes, which are comparable to the ones set forth in § 106–13, survived constitutional challenges. See also, Joseph v. House, 353 F.Supp. 367 (E.D.Va.1973).

It does not appear that the plaintiffs are likely to succeed on the merits; rather, the challenged ordinance appears to represent the legitimate exercise by a municipality of its police power.

Therefore, it is ordered that the plaintiffs' motion for a temporary restraining order be and hereby is denied.