Anthony F. McDONALD, Plaintiff,
Appellant,

v.

Frank A. HALL, Defendant, Appellee.

No. 78–1083.

United States Court of Appeals,
First Circuit.

Submitted June 9, 1978.

Decided July 26, 1978.

Anthony F. McDonald on brief, pro se.

Lee Carl Bromberg, Sp. Asst. Atty. Gen., Boston, Mass., on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

Anthony McDonald appeals from two orders of the district court. The first granted summary judgment for the corrections officials in regard to their decision not to provide a Catholic group religious service to the departmental segregation unit (hereinafter "Block 10" or "d.s.u."); the other denied his motion to amend the complaint.[1]

---

1. The motion is captioned as one to file a supplemental complaint. Under Fed.R.Civ.P. 15(d), such a complaint should set "forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The original complaint was filed on April 25, 1977, yet the hearing complained of in the supplemental complaint took place on March 9, 1977. For this reason,

We affirm the former, and remand as to the latter.

The corrections officials filed a motion to dismiss. Thereafter, at a hearing on several matters held on January 31, 1978, they filed an affidavit by an associate commissioner of the department. Relying upon this, the court granted summary judgment. *O'Brien v. DiGrazia,* 544 F.2d 543, 545 n. 2 (1st Cir. 1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). Haley's affidavit, which was not controverted, stated that it would be unsafe to bring the Block 10 prisoners to services held in the general population area; that it was unsafe to hold group religious services within Block 10; that if such services were held in Block 10 it would compel other d.s.u. prisoners, of differing religious views, to listen to these services; and that "any inmate may, upon request, avail himself of religious counselling or discussions". It is clear that the decision of the corrections officials is neither arbitrary nor without reason. *Nadeau v. Helgemoe,* 561 F.2d 411, 420–21 (1st Cir. 1977). The Fourth Circuit has considered the identical issue and we agree with their conclusion, that under these circumstances, what has been provided is "as much as [the plaintiff] can constitutionally demand". *Sweet v. South Carolina Dept. of Corrections,* 529 F.2d 854, 864 (1975).

Turning our attention to the denial of the motion to amend, we are unable to affirm that decision on the present record. The controlling standard is set out in Fed.R. Civ.P. 15(a).[2] It entitles a party to file an amended pleading once prior to the adverse party's serving a responsive pleading. See note 2. Neither a motion to dismiss nor one for summary judgment is a responsive pleading for purposes of Rule 15(a). *McLellan v. Mississippi Power & Light Co.,* 526 F.2d 870, 872 n. 2 (5th Cir. 1976); 3 Moore's Federal Practice, § 15.07[2] at 851–52. On the present record, it is unclear whether the motion to file an amended complaint was filed prior to the hearing on January 31, 1978;[3] and, if not filed until that date, whether it was denied before or after the court granted the motion for summary judgment.[4] In the present case, McDonald may well have had a right to amend his complaint prior to the court's acting on summary judgment.[5] Even if appellant was not entitled to amend, the court's action would require "some justification . . . for a refusal". *Ondis v. Barrows,* 538 F.2d 904, 909 (1st Cir. 1976) (citations omitted).

the motion is, in fact, one to amend the original pleading.

2. In relevant part, it provides that
"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . .. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

3. The motion and amended complaint are dated April 25, 1977. Neither one is time-stamped to indicate the date of receipt in the district court. The docket below first mentions the motion on January 31, 1978, the date it was denied.

4. The docket entry for January 31, 1978 has the motion to amend being denied, and then the motion for summary judgment being allowed, but without more this does not establish the order in which the district court addressed these matters.

5. If the portion of Rule 15(a) allowing a party to amend his pleading once as a matter of right prior to the adverse party serving a responsive pleading is the controlling language in this case, then at any time prior to the court's acting on the motion, McDonald would have a right to file his amended pleading. However, if this is a situation where no responsive pleading is possible, then he would have had 20 days to amend, as a matter of entitlement, from the time the summary judgment motion was served. Fed.R.Civ.P. 15(a). Here, the only formal motion served was one to dismiss. However, the district court received affidavits on the day of the hearing, and since these were the basis for the granting of summary judgment, Fed.R.Civ.P. 12(b), the 20 days would not appear to begin to run until the day the affidavits were served. *Cf. id.* ("If, on a motion asserting the defense numbered (6) to dismiss for failure of pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, *and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.*") (emphasis added).

The present record does not disclose what the court's basis was for the denial. It is therefore necessary to remand so that the district court can explain and/or reconsider its decision.

*The judgment of the district court is vacated; the order in regard to group religious services is affirmed; the denial of the motion to amend the pleadings is remanded for further consideration in light of the prior discussion.*