**EAST BOSTON ECUMENICAL COMMUNITY COUNCIL, INC., Chhum Tak, Samath Eang, Noeun Qum, Lam Sras, Tuyet Tran, Cal Son, Tep Sun, Noy Em**

v.

**Angelo P. MASTRORILLO, Individually, Angelo P. Mastrorillo, Susan Mastrorillo, as Trustees of each of ASD Realty Trust, Master Realty Trust, Angelo P. Mastrorillo, as Trustee of each of Dewey Realty Trust, Bicentennial Realty Trust, Angelo P. Mastrorillo d/b/a Master Properties, Angelo P. Mastrorillo, Susan Mastrorillo, d/b/a Master Mortgage Company, Master Properties, Inc., ASD Realty Trust, Master Realty Trust, Dewey Realty Trust, Bicentennial Realty Trust.**

Civ. A. No. 88–2487–WD.

United States District Court,
D. Massachusetts.

Jan. 11, 1989.

See also, D.C., 124 F.R.D. 14.

William A. Horne, William W. Porter, Rebecca J. Benson, Goulston & Storrs, Jeffrey Purcell, Greater Boston Legal Services, Nadine M. Cohen, Lawyers Committee For Civil Rights, Boston, Mass., for plaintiffs.

Robert E. McLaughlin, Donna E. Cohen, Nora J. Mann, Gilman, McLaughlin & Hanrahan, Boston, Mass., for defendants.

Robert D. Russo, Boston, Mass., for Susan Mastrorillo as trustee of ASD Realty Trust and Master Realty Trust and Susan Mastrorillo d/b/a Master Mort. Co.

### ORDER ON MOTION TO STRIKE (# 11)

ROBERT B. COLLINGS, United States Magistrate.

The Complaint (# 1) in this case was filed on November 9, 1988; an Amended Complaint (# 6) was filed on December 27, 1988. Between those dates, only one defendant, i.e. Angelo P. Mastrorillo, as Trustee of the Bicentennial Realty Trust (hereinafter, "the defendant"), filed any documents. The filings were a Notice of Appearance (# 2), a Motion To Dismiss (# 3) and a Memorandum In Support Of Motion To Dismiss (# 4).

On December 30, 1988, the defendant filed a Motion To Strike (# 11) the amended complaint and a Memorandum Of Reasons In Support ... Motion To Strike (# 12). The reason for the motion, as stated in the Memorandum, Etc. (# 12) was as follows:

In support of his Motion, the said Defendant says that he is one defendant among a group of defendants and he has filed a responsive pleading. On or about December 16, 1988, said Defendant filed a Motion to Dismiss cognizable under Fed.R.Civ.P. 12(b)(6).

Under the provisions of Fed.R.Civ.P. 15(a):

"A party may amend his pleadings once as a matter of course at any time *before a responsive pleading is served* ... [emphasis added]."

Otherwise:

"A party may amend his pleading only by leave of court ..."

Memorandum, Etc. (# 12) at pp. 1–2.

The defendant's motion to strike is utterly frivolous. It has been the law of the First Circuit for at least forty years that a motion to dismiss is not a responsive pleading, and, therefore, leave to amend need not be sought before filing an amended complaint when the only pleadings which have been filed are either motions to dismiss or motions for summary judgment. *Keene Lumber Co. v. Leventhal,* 165 F.2d 815, 823 (1 Cir., 1948); *Walgren v. Howes,* 482 F.2d 95, 96 (footnote 1) (1 Cir., 1973); *McDonald v. Hall,* 579 F.2d 120, 121 (1 Cir., 1978); *see also Herring v. Vadala,* 670 F.Supp. 1082, 1085 (D. Mass., 1987).

Rule 11, Fed.R.Civ.P., provides, in pertinent part, that:

The signature of an attorney ... constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is ... warranted by existing law or a good faith argument for the extension of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

\*  \*  \*  \*  \*  \*

If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, *shall* impose upon the person who signed

it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Emphasis supplied.

I find that the motion to strike and memorandum in support could not have been filed after "reasonable inquiry." Even a cursory review of the law of the First Circuit would have alerted counsel that the motion was contrary to existing law. I note that the defendant cited no cases in its memorandum and made no argument that existing law should be extended, modified or reversed. In sum, Rule 11, Fed.R. Civ.P., has been violated.

Accordingly, it is ORDERED that the Motion To Strike (# 11) be, and the same hereby is, DENIED. The Court finds that the attorney who signed the motion to strike and memorandum in support, i.e. Robert E. McLaughlin, Esquire, filed the two documents in violation of Rule 11, Fed. R.Civ.P. An appropriate sanction shall be imposed upon Attorney McLaughlin.

In this connection, counsel for the plaintiffs shall file and serve, *on or before the close of business on Tuesday, January 17, 1989*, an affidavit detailing the attorney's fees and costs incurred as a result of the defendant's filing of the motion to strike and memorandum in support thereof. The Court will hear counsel for the plaintiffs and counsel for the defendant on the issue of what sanction is appropriate at the duly-noticed Scheduling Conference on January 20, 1989.