**UNITED STATES of America for the use and benefit of Gary TUCKER, t/a Tucker Drywall and Acoustical, and Gary Tucker, t/a Tucker Drywall and Acoustical, Plaintiffs,**

v.

**THOMAS HOWELL KIEWIT (USA) INC., and Custom Remodeling, Inc., Defendants.**

**Civ. A. No. 2:93cv211.**

United States District Court,
E.D. Virginia,
Norfolk Division.

June 15, 1993.

A. Bartlett Keil, Keil and Nichols, P.C., Chesapeake, VA, for plaintiffs.

Robert W. McFarland, Richard J. Cromwell, McGuire, Woods, Battle & Boothe, Norfolk, VA, for defendants.

## ORDER

REBECCA BEACH SMITH, District Judge.

Plaintiffs have filed a Motion to Amend their complaint, seeking to replace Thomas Howell Kiewit (USA) Inc. (hereinafter "Kiewit") as a named defendant with Washington International Insurance Company. Plaintiffs submitted a brief with their motion. Before plaintiffs filed their motion to amend, Kiewit filed a Motion to Quash Service of Process and a Motion to Dismiss or in the Alternative for Summary Judgment in response to plaintiffs original complaint. The court addresses the Motion to Amend below. The disposition of this motion will make moot the consideration of Kiewit's two motions.

■ In the brief attached to their Motion to Amend, plaintiffs assume that defendant Kiewit's motions constitute responsive pleadings. Consequently, plaintiffs proceed under the language of Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendments to pleadings after responsive pleadings have been submitted. That portion of Rule 15(a) permits a "party [to] amend [its] pleading only by leave of court or by written consent of the adverse party...." Plaintiffs' original assumption, however, that Kiewit's motions constitute responsive pleadings, is incorrect.

The law is clear that motions to dismiss and motions for summary judgment are not treated as responsive pleadings under Rule 15. *Smith v. Blackledge,* 451 F.2d 1201, 1202–03 & n. 2 (4th Cir.1971) (citing 3 James W. Moore, Moore's Federal Practice (2d ed.) ¶ 15.07[2] at 851–52; 6 Charles A. Wright et al., Federal Practice and Procedure §§ 1475, 1483) (motion to dismiss not a responsive pleading for purposes of Rule 15(a)); *McDonald v. Hall,* 579 F.2d 120, 121 (1st Cir. 1978) ("Neither a motion to dismiss nor one for summary judgment is a responsive pleading for purposes of Rule 15(a)."); *McLellan v. Mississippi Power & Light Co.,* 526 F.2d 870, 872 n. 2 (5th Cir.1976) (motion to dismiss not a responsive pleading for purposes of Rule 15(a)), *vacated in part on other grounds,* 545 F.2d 919 (5th Cir.1977). Similarly, motions to quash are also not considered responsive pleadings for purposes of Rule 15(a). *See Kroger Co. v. Adkins Transfer Co.,* 284 F.Supp. 371, 374 (M.D.Tenn. 1968), *aff'd sub nom., Kroger Co. v. Dornbos,* 408 F.2d 813 (6th Cir.1969). Thus, responsive pleadings have not been filed in this case.

■ Normally, the absence of responsive pleadings means that plaintiff could "amend his pleading once as a matter of course" under Rule 15(a). With his motion to amend, however, plaintiff attempts to add a new party and consequently unknowingly invokes Rule 21, which governs the misjoinder and non-joinder of parties. Rule 21 states that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. The question, therefore, arises whether an amending party who seeks to add a party may file his amendment as a matter of right (first sentence of Rule 15(a)) or whether he must first obtain leave from the court (Rule 21). The district court cases on this issue are divided. *See McLellan,* 526 F.2d at 872 n. 3 (reflects split among courts).

The only case in this district and circuit to consider the question is *Joseph v. House,* 353 F.Supp. 367, 371 (E.D.Va.1973), *aff'd in part and rev'd in part on other grounds sub nom., Joseph v. Blair,* 482 F.2d 575 (4th Cir.), *cert. denied,* 416 U.S. 955, 94 S.Ct. 1968, 40 L.Ed.2d 305 (1974), in which the district court held that even though plaintiffs could normally amend their pleading as of right pursuant to Rule 15(a) when no responsive pleadings had been filed, they were precluded by Rule 21 from filing an amended complaint, which sought to add new plaintiffs, without leave of court. This court agrees with the rationale in *Joseph.* However, in the case at bar, plaintiffs have sought leave of court to amend their complaint. The court notes that the motion to amend was filed at a very early stage in the litigation and would not prejudice the newly joined defendant, who was notified of this action within the period allowed by Rule 4(j) for service of a summons and complaint. Accordingly, the court GRANTS plaintiffs leave to file the amended complaint.

Finally, as Kiewit is no longer a party to this action, its Motion to Quash and its Motion to Dismiss or in the Alternative for Summary Judgment are moot.

The Clerk is DIRECTED to send a copy of this order to all counsel of record.

It is so ORDERED.