Garsh, J.
After review, the motion to vacate filed by the Massachusetts Commission Against Discrimination (“MCAD”) is denied.
BACKGROUND
The plaintiff, Henry S. Turgeon, II (“Turgeon”) filed this action on June 7, 2000 against the City of New Bedford (“City”) and the MCAD. The complaint alleges, in part, that the MCAD had not taken any action with respect to an arbitration decision despite an MCAD policy requiring action to be taken within thirty days. The complaint also sought to confirm the arbitration award at issue even though the MCAD had not yet decided whether to set aside the award.
On June 23, 2000, the City, which had been a party to the arbitration proceeding, filed a motion to dismiss the complaint. On the same day, Turgeon filed a notice of amendment as of right, pursuant to Mass.RCiv.P. 15(a), in which he states that he is amending his complaint because the claim against the MCAD is moot as the MCAD ultimately took action on the arbitration decision on June 20, 2000. The caption of the amended complaint, also filed on June 23, continues to name the MCAD, but the body of the complaint no longer alleges that the MCAD is a defendant. Paragraph 2 of the original complaint refers to “Your Defendants” and lists both the City and the MCAD as defendants. Paragraph 2 of the amended complaint, by contrast, refers to “Your Defendant” and refers only to the City.
When the amended complaint was filed, the MCAD, which had been served with the original complaint, had not yet filed a responsive pleading or a motion to dismiss. The MCAD was served with the Notice of Amendment. Thereafter, the MCAD “did not consider itself a party to this action” and did not seek leave to intervene.
The Court heard oral argument on the City’s Motion to Dismiss on July 18, 2000. The Motion to Dismiss had not been served upon the MCAD, and the MCAD did not receive notice of the date of the hearing on the motion.
On August 10, 2000, the Court entered a Memorandum of Decision and Order allowing the City’s Motion to Dismiss. That decision, in a footnote, erroneously characterized the MCAD as a party which had chosen not to file an answer or to submit a memorandum of law in connection with the City’s motion. [12 Mass. L. Rptr. 27.]
The MCAD has now filed a motion to vacate.
DISCUSSION
The gist of the MCAD’s argument is that a “responsive pleading” was filed by the City before Turgeon filed his motion to amend, thereby depriving the plaintiff of the right to amend as a matter of course. The MCAD also argues that since there was neither leave of court nor written consent of the adverse parties to the amendment, the operational complaint is the original complaint and the MCAD is a party to this action. Assuming that the City’s motion to dismiss was indeed filed before the notice to amend,[2] it does not follow that Rule 15(a) required the plaintiff to seek leave of court or consent of the parties before filing the amended complaint dropping the MCAD as a party.
No authority was cited by the MCAD in support of the proposition that a “responsive pleading” within the meaning of Rule 15(a) was filed by the City. A motion is not a pleading. See Mass.R.Civ.P. 7(a). Nor is a motion to dismiss a responsive pleading for purposes of Rule 15(a). See McDonald v. Hall, 579 F.2d 120, 121 (1st Cir. 1978). See also Reporter’s Notes to Rule 15; James W. Smith & Hiller B. Zobel, Rules Practice, §7.7 at 178 (1974), §15.2 at 440 (1974), and §15.2 at 157 (2000). Under Rule 15(a), a plaintiff accordingly has the right, as a matter of course, to amend his pleading without leave of court or consent of the parties after a motion to dismiss has been filed and before it has been granted. The plaintiff did just that.[3] Once the amended complaint was filed, it superseded the original complaint and became the operative pleading in the case. The MCAD’s contention that the City violated Mass.R.Civ.P. 5 by failing to serve the Motion to Dis *402 miss upon the MCAD, resulting in manifest unfairness and a breach of the Commission’s right to due process, is also without merit. The motion to dismiss was filed as part of the City’s opposition to the plaintiffs previously filed motion (not filed under Superior Court Rule 9A) for confirmation of the arbitration award. Rule 5(d) permits a paper to be filed with the court before service upon each of the other parties. Mass.R.Civ.R 5(d)(1). Since the MCAD was dropped as a defendant the veiy same day that the motion to dismiss was filed, the City’s failure to serve the MCAD-. no longer a partywith its motion to dismiss was neither manifestly unfair nor a violation of the MCAD’s right to due process.
In sum, the MCAD has not been a party to this action since June 23, 2000. It is not now entitled to have the ruling on the motion to dismiss vacated for the purpose of permitting it to brief and argue the issues raised by the motion. However, since the motion to vacate brought to light an error in the court’s Memorandum, and Order [12 Mass. L. Rptr. 27], an amended decision will issue deleting footnote three and clarifying that the MCAD is not a party despite the appearance of its name in the caption.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Massachusetts Commission against Discrimination’s Motion to Vacate the Court’s Decision Dismissing this Matter be and hereby is DENIED.

 Unlike the Motion to Dismiss, neither the Notice of Amendment nor the First Amended Complaint were timestamped so it is unclear whether they were filed “later" than the Motion to Dismiss, as the MCAD assumes, or earlier. As a practical matter, it should be noted that the order in which filings made on the same day appear on the docket does not necessarily reflect the order in which they are received in the Clerk’s Office.

 The court need not decide, therefore, whether the plaintiff would have been entitled, as a matter of right, to amend the complaint in order to drop the MCAD as a party even if the City had filed a responsive pleading. This is an issue that the MCAD chose not to address in its motion to vacate. See James W. Smith & Hiller B. Zobel, Rules Practice, § 15.2 at 440 (1974) (“If not all defendants with respect to whom the amendment relates have answered, plaintiff may amend, as a matter of course only as to the non-answering defendants”).