**Malika SINGH and Michael Ramautar, Plaintiffs,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC., Defendant.**

**No. 02 CV 0451(ILG).**

United States District Court, E.D. New York.

May 1, 2002.

---

Todd Greenberg, Esq., Addabbo & Greenberg, Forest Hills.

Stephen Cuyler, Esq., Cuyler Burk LLP, New York.

## MEMORANDUM & ORDER

GLASSER, District Judge.

This case arises out of an attempt by

plaintiff Malika Singh ("Singh") [1] to collect on an insurance policy issued to Singh's father, Latchman Singh.[2] Singh, who purportedly is the beneficiary of an insurance policy issued to her father by Prudential Insurance Company of America ("Prudential"),[3] filed a claim for benefits after her father allegedly died in 1999. Prudential, however, refused to pay the claim, asserting that Singh's father actually died in 1995, and thus Singh's claim for benefits was fraudulent. The matter eventually found its way to the Queens County District Attorney's office, the end result of which was the arrest of Singh by Joseph Fezza ("Fezza"), a detective with the New York City Police Department. The criminal case against Singh was dismissed on December 17, 2001, for reasons untold to the Court.

On December 10, 2001, Singh commenced this action against Prudential in New York Supreme Court, Queens County, by filing a summons with notice.[4] (*See* Greenberg Aff. Ex. F.) The summons with notice states that "[t]he nature of this action is False Arrest, False Imprisonment; Negligence; Malicious Prosecution; Fraud; Intentional Infliction of Emotional Distress; Violation of Civil Rights; [and]

Breach of Insurance Contract Policy # 69 036 894[,] arising on or about December 18, 2000 when the Defendant [*sic*] was arrested without probable cause that she committed a crime on the Complaint of the Defendants [*sic*] and on January 19, 2001 when the Defendant breached Contract of Insurance Policy # 69 036 894." (*Id.*) By Notice of Removal dated January 18, 2002, Prudential removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (*See id.* Ex. G.)

Shortly thereafter, on February 14, 2002, Singh commenced a separate action against the City of New York, the New York City Police Department, Fezza, and a number of John Doe police officers in New York Supreme Court, Queens County (the "Second Action").[5] (*See id.* Ex. E.) Singh commenced the Second Action by filing a summons with notice which is nearly identical to the summons with notice she filed in this action.[6] According to Singh, despite the fact that they are based on the same underlying events, she commenced the lawsuits separately because she was required to exhaust administrative remedies prior to commencing a lawsuit against the City of New York and, had she waited

1. Certain of the parties' papers refer to Malika Singh as Mallika Singh. The Court will use the former spelling, which is used in the plaintiffs' papers.

2. Although named as a plaintiff, Michael Ramautar is nowhere referred to in the pleadings or the parties' motion papers. The Court therefore uses the term "plaintiff" instead of "plaintiffs."

3. The Court says "purportedly" because neither party has seen fit to submit a copy of the insurance policy to the Court.

4. Under New York's Civil Practice Law and Rules, an action may be commenced by filing a summons with notice instead of a complaint. *See* N.Y. C.P.L.R. § 304 (McKinney 1990 & 2001 Supp.).

5. The City of New York, the New York City Police Department, and Fezza are collectively referred to herein as the "City Defendants."

6. The summons with notice in the Second Action states that "[t]he nature of this action is False Arrest, False Imprisonment; Negligence; Malicious Prosecution; Fraud; Intentional Infliction of Emotional Distress; Violation of Federal & State Civil Rights, arising on December 18, 2000 when the Plaintiff was arrested without probable cause that she committed the crime of insurance fraud, and other crimes, Docket 2000QN062359, Criminal Court, Queens County." (Greenberg Aff. Ex. E.)

until the conclusion of the administrative process, the statute of limitations would have run on her claims against Prudential. (*See id.* ¶¶ 8–9.)

Singh now asks the Court to join the City Defendants as defendants in this action, pursuant to Rule 20 of the Federal Rules of Civil Procedure. Singh asserts that joinder is appropriate because "the causes of action asserted against all Defendants arise out of the same transaction and series of transactions[,] and there will be questions of law and fact common to all." (*Id.* ¶ 13.) Singh also argues that, once all the defendants are joined in this action, diversity jurisdiction will be destroyed. Therefore, Singh requests that the Court remand this matter back to state court.

Prudential opposes Singh's request by arguing that the joinder motion is nothing more than a sham brought solely to defeat the Court's diversity jurisdiction. (*See* Def. Mem. at 3–8.) Prudential also asserts that, even if the City Defendants are joined as defendants in this action, remand is unnecessary because the Court will have federal question jurisdiction over Singh's claims. (*See id.* at 6–8.) Finally, Prudential argues that the equities weigh against joinder and remand, because the Federal Rules of Civil Procedure will provide for more liberal overseas discovery than can be obtained in state court. (*See id.* at 9–11.)

## DISCUSSION

At the outset, the Court notes that the claims raised in this action and the claims raised in the Second Action are closely related. Indeed, many of the causes of action asserted in the two lawsuits are identical, and the evidence needed to support the claims in each action is likely to overlap in substantial measure. In addition, the potential defenses which may be raised by the defendants are similar. Accordingly, it appears that joining all the defendants in one lawsuit makes sense. Prudential does not contest this point.

■■■ Prudential does raise an objection, however, regarding the method by which Singh seeks to join the issues raised in this case and the issues raised in the Second Action. Indeed, Singh's motion is peculiar. If, as Singh alleges, the purpose behind the motion was to consolidate this action with the Second Action, then Singh simply could have amended her complaint *as of right*, *i.e.*, without leave of the Court, to allege all the causes of action raised in both lawsuits. *See* Fed.R.Civ.P. 15(a) (amendment as of right permitted prior to filing of responsive pleading). This would have been the better method to obtain the relief requested in Singh's motion; in fact, Professor Moore suggests that this was the *only* way for Singh to achieve the relief she seeks. *See* 4 James Wm. Moore et al., Moore's Federal Practice § 20.02[a][ii] (3d ed. 2000) ("Occasionally ... a plaintiff will fail to effect proper permissive joinder in the complaint, and will seek to bring in additional parties later in the litigation. Plaintiff may do so only by amending the complaint. If the defendant has not yet served a responsive pleading, the plaintiff has a right to amend and need not seek leave of court to join permissive parties."); *see also United States ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018–19 (10th Cir.1994) ("A motion to add a party is governed by Fed.R.Civ.P. 15(a).").[7] Accordingly, de-

---

7. There is, of course, an inherent conflict between Rule 15(a), which permits amendment as a matter of right before the filing of a responsive pleading, and Rule 21, which states that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

spite her invocation of Rule 20, it appears that the proper way to construe Singh's motion is as a motion for leave to file an amended complaint adding additional parties. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir.2000) ("the label attached to a motion does not control its substance"). Insofar as Prudential does not oppose this request, and because it appears that Singh does not need the consent of Prudential (or the Court) in any event, Singh's motion to join the City Defendants should be granted. *See Washington v. N.Y.C. Bd. of Estimate*, 709 F.2d 792, 795 (2d Cir.1983); *see also Stewart v. RCA Corp.*, 790 F.2d 624, 631 (7th Cir.1986) (plaintiff "did not lose his right to amend the complaint by asking leave; the district court was obliged to grant this unnecessary request").

■ The only remaining issue, then, is Singh's request to remand this matter back to state court. This request is predicated on Singh's belief that adding the City Defendants to this action will result in the "destruction" of diversity jurisdiction. Singh is correct that the Court will not have diversity jurisdiction over this action after the City Defendants are added, because there is no diversity between Singh and those defendants. *See, e.g., Schiavone Constr. Co. v. City of N.Y.*, 99 F.3d 546, 548 (2d Cir.1996) ("The City of New York is ... a citizen of the State of New York" for diversity purposes) (citing *Moor v. County of Alameda*, 411 U.S. 693, 717, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973)). However, by adding her claims, as currently pleaded, against the City Defendants, the Court will have *federal question* jurisdiction, because Singh asserts claims against the City Defendants for violating her federal civil rights. The "destruction" of diversity jurisdiction therefore is immaterial—the Court will have federal question jurisdiction over the federal civil rights claims, and all the other claims will be properly before the Court under the supplemental jurisdiction statute, 28 U.S C. § 1367(a).[8]

---

However, Professor Moore opines that "[t]he better view ... rejects the notion that a motion to amend is required to add or drop parties before the filing of a responsive pleading. The more persuasive cases hold that before the time a responsive pleading is filed, all amendments are allowed as a matter of course, including amendments to drop or add parties." 3 James Wm. Moore et al., Moore's Federal Practice § 15.16[1] (3d ed.2000); *accord* 6 Wright, Miller & Kane, Federal Practice and Procedure § 1479 (2d ed.1990) ("any attempt to change the parties by amendment before the time to amend as of course has expired should be governed by the first sentence of Rule 15(a) and may be made without leave of court"). While some courts disagree, *see, e.g., United States ex rel. Tucker v. Thomas Howell Kiewit (USA) Inc.*, 149 F.R.D. 125, 126 (E.D.Va.1993), the Second Circuit appears to have adopted this view, *see Washington v. N.Y.C. Bd. of Estimate*, 709 F.2d 792, 795 (2d Cir.1984) (reversing district court's denial of plaintiff's motion to amend to add defendants; "Since the [defendant had] not answer[ed] the

complaint ..., Washington was entitled ... to amend his complaint as a matter of right, and his request at that time should have been granted."); *accord CBS Broad., Inc. v. Bridgestone Multimedia Group, Inc.*, No. 97 CIV 6408, 1998 WL 740853, at *1 (S.D.N.Y. Oct.23, 1998) ("Defendants' argument rests on the contention that plaintiff's attempt to amend the complaint to add the appropriate Bridgestone corporate entity was a nullity because plaintiff did not obtain leave of the Court as required under ... the Federal Rules of Civil Procedure. However, plaintiff was permitted to amend the complaint to add a party as of right under Rule 15(a) because a responsive pleading had not been filed[,] and[ ] therefore [it was] not required to seek leave of the Court ...."); *Pepsico, Inc. v. Wendy's Int'l, Inc.*, 118 F.R.D. 38, 44 (S.D.N.Y.1987) (Leval, J.).

**8.** This is because the claims against the various defendants are "so related" to the civil rights claims that they "form part of the same case or controversy under Article III of the

While this analysis would appear to resolve all of the issues raised by Singh's motion, disposing of Singh's motion is. unfortunately not that simple. Prudential asserts that "since plaintiff[ ] ha[s] ... moved to remand the proceeding to state court for lack of federal jurisdiction, it is patent that [she] seek[s] to add only state claims in the present federal action." (Def. Mem. at 7.) In other words, Prudential argues that (i) Singh clearly was aware that the addition of federal claims to this lawsuit would give the Court federal question jurisdiction over this action, and (ii) because Singh is seeking remand to state court, she must be attempting to add only her state-law claims against the City Defendants to this lawsuit, and not the federal civil rights claims. (*See id.* at 7–8.) At first glance, the Court did not read Singh's papers so narrowly. In her motion, it appeared that Singh merely sought to bring all of her claims, including her federal civil rights claims, in one lawsuit. Indeed, her motion papers nowhere distinguished her state-law claims against the City Defendants from her federal claims against those defendants, nor did Singh assert that she wished to consolidate only her state-law claims against those defendants with her claims against Prudential.

In her reply papers, however, Singh makes it clear that she intends to drop her federal civil rights claims against the City Defendants, and add to this case only her state-law claims against those defendants, thus requiring remand of this case to state court.[9] (Pl. Reply ¶ 8.) Therefore, the defendants are likely correct that the purpose of Singh's motion is merely to defeat the Court's jurisdiction over this case, because adding only Singh's state-law claims against the City Defendants will destroy diversity jurisdiction, and will also prevent the Court from exercising federal question jurisdiction. For these reasons, Prudential argues that Singh's remand motion should be denied, because Singh should not be permitted to drop her federal civil rights claims simply to defeat the Court's subject matter jurisdiction. (*See* April 29, 2002 letter from Stephen Cuyler, Esq. to Hon. I. Leo Glasser at 1–2; *see also* Def. Mem. at 7–8.)

▉ The Court, however, concludes that this case should be remanded to state court. As Singh correctly notes, she is the "master of [her] claim[s]." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *accord* 16 James Wm. Moore et al., Moore's Federal Practice § 107.14[3][b][ii] (3d ed.2000). Accordingly, she "may avoid federal jurisdiction by exclusive reliance on state-law."

United States Constitution." 28 U.S.C. § 1367(a); *see also King v. Crossland Sav. Bank,* 111 F.3d 251, 256 (2d Cir.1997) (court had supplemental jurisdiction over false imprisonment, negligent misrepresentation, and negligence claims against second defendant because of federal question jurisdiction over similar claims against first defendant).

9. Singh first asserts that it is unnecessary to drop her federal civil rights claims. She argues that, under 28 U.S.C. § 1441(c) and cases interpreting that section, her federal claims are not "separate and independent" from her state-law claims, and therefore even if her federal claims remain in this case, the Court has no jurisdiction to hear this matter.

(*See* Pl. Reply ¶¶ 10–17.) Singh's reliance on Section 1441(c), however, is misplaced. That section states that "[w]henever a separate and independent claim or cause of action within the [Court's federal question jurisdiction] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed ....'" Here, no one is trying to remove the Second Action to this Court; rather, this case has *already* been removed from state court pursuant to 28 U.S.C. § 1441(a) and (b), and now Singh is simply seeking to add defendants to the case. Thus, Section 1441(c) is not relevant to the current motion.

*Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425; *see also Great N. Ry. Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case."). Although the Court may take into consideration a plaintiff's motive in dropping federal claims, *see Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), there is no *per se* prohibition against dropping federal claims in order to avoid federal jurisdiction, *id.* (rejecting "a categorical prohibition on the remand of cases involving state law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case"); *accord Certilman v. Becker,* 807 F.Supp. 307, 309–10 (S.D.N.Y. 1992) ("[T]he court is not convinced that merely omitting a federal-law claim from an amended complaint, as occurred in *Cohill* itself, is a sufficient basis not to grant an otherwise proper remand to state court."); 16 James Wm. Moore et al., Moore's Federal Practice § 107.14[3][b][ii] (3d ed.2000).

The Ninth Circuit recently addressed this issue in *Baddie v. Berkeley Farms, Inc.,* 64 F.3d 487 (9th Cir.1995). In *Baddie,* the plaintiffs commenced a lawsuit in state court alleging both state and federal claims. After the defendants removed the lawsuit to federal court based on federal question jurisdiction, the plaintiffs amended their complaint, dropping the federal claims, and moved to remand. The district court granted the remand motion, but imposed sanctions on the plaintiffs—who, in the district court's view, were "apparently quite desperate to avoid federal court"— due to their "manipulative pleading practices." *Id.* at 489. The Ninth Circuit reversed the imposition of sanctions by the district court. In the Ninth Circuit's view, it would be "an abuse of discretion ... to penalize plaintiffs who, knowing that a state court forum is more important to them than their federal claims, nevertheless plead both state and federal claims in state court, with the intent to dismiss federal claims later to avoid federal court if the defendant removes," and further noted that "[w]e are not convinced that such practices were anything to be discouraged." *Id.* at 490.[10]

■ Prudential, in response to questions from the Court during oral argument, has submitted a letter brief arguing that Singh cannot voluntarily dismiss her federal claims against the City Defendants, because Rule 41(a) of the Federal Rules of Civil Procedure speaks only in terms of the dismissal of "an action," and not the dismissal of "a claim." This argument misses the mark, because Singh can amend her complaint to drop her federal civil rights claims against the City Defendants under Rule 15(a); she need not invoke Rule 41. *See* 8 James Wm. Moore et al., Moore's Federal Practice § 41.13[6] (3d ed. 2000) ("Rule 41 overlaps with Rule 15(a) to the extent that a plaintiff can effectively amend the pleading by dismissing particular ... claims from the action. However, Rule 15(a) is the preferred method for eliminating claims ....") (citation omitted); *see also Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1392 (9th Cir. 1988) ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism

---

**10.** Admittedly, there is a split of authority concerning whether to permit a party to drop federal claims in order to achieve remand. *See Payne v. Parkchester N. Condos.,* 134 F.Supp.2d 582, 584–85 (S.D.N.Y.2001) (discussing differing rationales offered by courts, and noting that the Second Circuit has not passed on the issue). However, the *Payne* court noted that, in general, courts refuse to remand only in cases involving prejudice, resource wasting, and untimeliness. Those concerns will not be implicated by remanding this case to state court.

[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants ....") (internal quotation marks and citation omitted); *Wakefield v. N. Telecom, Inc.,* 769 F.2d 109, 114 n. 4.(2d Cir.1985) ("a district court may permit withdrawal of a claim under Rule 15").

For these reasons, the Court concludes that Singh may properly join the City Defendants in this action, and allege only state-law claims against those defendants. Indeed, this is consistent with the fact that, as noted above, Singh does not need the Court's permission to amend her complaint. The end result of this process is that diversity jurisdiction is destroyed and there is no federal question jurisdiction. Accordingly, the Court must remand this case back to state court, for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added).

### CONCLUSION

For the foregoing reasons, Singh's motion to join the City of New York, the New York City Police Department, and Fezza as defendants—which the Court construes as a motion for leave to amend the complaint, adding only state-law claims against these defendants—is granted. Because Singh adds only state-law claims against these defendants, and because the addition of these defendants divests the Court of subject matter jurisdiction, Singh's motion to remand this action also is granted, and this case is remanded to New York Supreme Court, Queens County.

SO ORDERED.