Ann **READE–ALVAREZ**, on behalf of herself and all others similarly situated, Plaintiff,

v.

**ELTMAN, ELTMAN & COOPER, P.C.** and "John Eltman," "John Eltman," and "John Cooper," Individuals, Defendants.

No. 04 CV 2195(ILG).

United States District Court, E.D. New York.

Nov. 12, 2004.

Robert Louis Arleo, Robert Arleo, Esq., New York City, for Plaintiff.

Thomas Leghorn, Eltman, Eltman & Cooper, P.C., White Plains, NY, for Defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

### BACKGROUND

By order to show cause dated October 22, 2004, Plaintiff Ann Reade–Alvarez ("Plaintiff"), who filed a putative class action complaint ("Complaint") against defendants Eltman, Eltman & Cooper, P.C. ("EEC") and various individuals working for that firm (collectively, "Defendants") under the Fair Debt Collection Practices Act, moves the Court for, *inter alia,* the following relief: (a) leave to amend the Complaint to add additional parties; (b) the striking of Defendants' pending motion to dismiss the Complaint; and (c) the right to inspect, photograph and videotape the premises of EEC and non-party Erin Capital Management, LLC ("Erin"). For the reasons set forth below, the Court finds that Plaintiff is entitled to amend the Complaint as a matter of right pursuant to Fed.R.Civ.P. 15(a), and denies Plaintiff's application for inspection under Fed.R.Civ.P. 34.

### DISCUSSION

#### I. "Motion" to Amend Complaint

 Apparently based on his understanding that Plaintiff needs the consent of the Court to amend the Complaint under Fed. R.Civ.P. 15(a) to add an additional plaintiff and several new defendants, Plaintiff's counsel filed this application. Based upon that same misunderstanding, Defendants opposed the application. The Court finds that their "understanding" is flawed.

Fed.R.Civ.P. 15(a) states that a "party may amend" its "pleading once as a matter of course at any time before a responsive pleading is served...." This rule expressly grants a plaintiff the opportunity to amend a complaint once, as a matter of right, provided that the defendants have not served a "responsive pleading." The Second Circuit has consistently held that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is not a "responsive pleading" under Fed.R.Civ.P. 15(a).[1] *See, e.g., Barbara v. New York Stock Exchange, Inc.,* 99 F.3d 49, 56 (2d Cir.1996) (citing 6 Wright, Miller & Kane, Federal Practice and Procedure § 1483, at 584–85 (2d ed.1990)); *see also Krasner v. Episcopal Diocese of Long Island,* 328 F.Supp.2d 367, 371 (E.D.N.Y.2004) (Rule 15(a) "permits a party to amend their pleading once as a matter of course at any time before a responsive pleading is served" and because a motion to dismiss is not a responsive pleading, "plaintiff's cross-motion for permission to amend the complaint is unnecessary"). Defendants have not as yet filed an answer to the Complaint, but rather moved to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6), the motion which is pending before the Court. Therefore, Plaintiff was not required to seek leave of the Court to amend the Complaint.

Without offering any authority in support, Defendants' counsel represented to the Court during the November 10, 2004 telephone hearing that because Plaintiff was seeking to add additional parties in her proposed amended complaint, leave of Court was necessary under Fed.R.Civ.P. 15(a). However, the Second Circuit has decided that issue differently and in accord with the plain meaning of Rule 15(a), and therefore the Plaintiff's application is superfluous. *See Washington v. New York City Bd. of Estimate,* 709 F.2d 792, 796–97 (2d Cir.1983), *cert. denied,* 464 U.S. 1013, 104 S.Ct. 537, 78 L.Ed.2d 717 (1983).[2]

---

1. Curiously, the parties devoted all of their argument in their motion papers to the question whether the Court should, in its discretion, grant Plaintiff leave to amend the Complaint without analyzing the plain language of Fed.R.Civ.P. 15(a).

2. Some courts have found that there is an inherent conflict between Fed.R.Civ.P. 15(a), which permits amendment as a matter of right before the filing of a responsive pleading, and Fed. R.Civ.P. 21, which states that "[p]arties may be dropped or added by order of the court on mo-

**536**

## II. Motion for Inspection under Fed. R.Civ.P. 34

 Contending that defendant EEC and non-party Erin are really one party, and that Erin is engaged in the unauthorized practice of law, Plaintiff seeks an order allowing her to "inspect, photograph and videotape" EEC's and Erin's premises. Pursuant to Fed.R.Civ.P. 34(a)(2), a party may serve a discovery request "to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection...." Here, Plaintiff has not provided any support for her position that she needs to inspect EEC's law office and Erin's business office immediately because, for example, she alleges that these entities are intending to destroy "evidence" and will destroy "evidence" absent issuance of an order pursuant to Fed.R.Civ.P. 34. Plaintiff will be entitled to obtain the discovery she seeks in due course under the Federal Rules of Civil Procedure provided that her amended complaint is legally sufficient under Fed.R.Civ.P. 12. *See, e.g.,* 8A Wright, Miller & Kane, Federal Practice and Procedure § 2214 (2d ed.1990) (on motion to compel inspection "discovery may be deferred until it has been ruled or conceded that plaintiff has stated a claim on which relief can be granted"). The Court therefore denies this portion of Plaintiff's application.

### CONCLUSION

For the foregoing reasons, Plaintiff is directed to file her amended complaint, if any, within ten days after her counsel's receipt of this order. Upon Plaintiff's filing of the amended complaint, Defendants' pending motion to dismiss the original complaint pursuant to Fed.R.Civ.P. 12(b)(6) shall be deemed moot and therefore stricken.[3] Plaintiff's application for an order to inspect, photograph and videotape the offices of Eltman, Eltman & Cooper and non-party Erin Management, LLC pursuant to Fed.R.Civ.P. 34 is denied.

SO ORDERED.

---

tion of any party or of its own initiative at any stage of the action and on such terms as are just," and have therefore concluded that leave of court is required to amend a complaint to add parties even before the defendant has served a responsive pleading. *See, e.g., United States ex rel. Tucker v. Thomas Howell Kiewit (USA) Inc.,* 149 F.R.D. 125, 126 (E.D.Va.1993). However, the leading commentators agree with the Second Circuit that a motion to amend is not required to add or drop parties before the filing of a responsive pleading. *See* 6 Wright, Miller & Kane,

Federal Practice and Procedure § 1479 ("any attempt to change the parties by amendment before the time to amend as of course has expired should be governed by the first sentence of Rule 15(a) and may be made without leave of court"); 3 James Wm. Moore et al., Moore's Federal Practice § 15.16[1] (3d ed.2000).

3. Defendants would obviously be entitled to file a motion to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12.